No. 41,614

STATE OF KANSAS, *Appellee*, v. DALE T. COMBS, *Appellant*.

(350 P. 2d 129)

Opinion filed March 5, 1960.

The appellant was on the briefs *pro se*.

*Roy E. Williams*, county attorney, argued the cause, and *John Anderson, Jr.*, attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: Appellant was convicted of forgery in the second degree as defined in G. S. 1949, 21-608 and 21-609. He has attempted to appeal to this court without benefit of counsel although he was represented by counsel in the trial below.

We are disposed to waive every possible technicality where an appeal is filed under such circumstances, but an inspection of the

files of this court shows that while the notice of appeal was timely filed, there is *no proof of service of the notice of appeal* upon the county attorney as required by G. S. 1949, 62-1724. The right of appeal in criminal cases is entirely statutory and minimum requirements of the statute must be met in order to confer any jurisdiction upon this court (*State v. Shehi*, 185 Kan. 551, 345 P. 2d 684; *State v. Shores*, 185 Kan. 586, 345 P. 2d 686; *State v. Sims*, 184 Kan. 587, 337 P. 2d 704, and cases cited; cf. *United States v. Robinson*, decided January 11, 1960, 361 U. S. 220, 4 L. Ed. 2d 259, 80 S. Ct. 282). The same rule as to the necessity of proof of service of notice of appeal applies with equal force in civil cases (*Nicolay v. Parker*, 185 Kan. 481, 345 P. 2d 1013).

It may be pointed out also that appellant apparently raises the sole question of whether the evidence in the court below was sufficient to sustain the conviction. It is vital that this question must have been brought to the attention of the trial court in some manner at the close of the case. The state has furnished a complete record in the counter abstract; no motion for new trial seems to have been filed, and the notice of appeal makes no effort to appeal from such a motion. There are no specifications of error in the so-called abstract in this appeal. In appealing from trial errors, it is the firm rule of this court that an appeal must have been taken from an order denying a motion for new trial in which the claimed error was raised, and the denying of the motion must be specified as error. Lacking such a record, this court refuses to review trial errors (*State v. Turner*, 183 Kan. 496, 328 P. 2d 733, and other authorities cited).

We do not need to decide whether the court might waive the rules set out above under the circumstances of this case, since it has been shown that the court failed to obtain jurisdiction for want of a proper notice of appeal. Therefore, the appeal must be dismissed. It is hereby so ordered.