No. 42,526

THE STATE OF KANSAS, *Appellee*, v. EDDIE JAMES SCHNEIDER, *Appellant*.

(366 P. 2d 27)

Opinion filed November 10, 1961.

*Lemoin A. Willett*, of Beloit, and *A. W. Relihan, T. D. Relihan* and *Terry E. Relihan*, all of Smith Center, were on the briefs for the appellants.

*Thomas H. Conroy*, county attorney, argued the cause, and *William M. Ferguson*, attorney general, and *R. L. Hamilton*, of Beloit, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal in a criminal case in which defendant Eddie James Schneider was convicted in the court below on charges of negligent homicide (G. S. 1949, 8-529) and in failing to report an accident to the proper authorities (G. S. 1959 Supp., 8-523[c]). After the jury returned its verdict of guilty on each of the two counts of the information, defendant filed his motion for a new trial consisting of six grounds. The motion was overruled and the defendant was sentenced as provided by law for each offense; whereupon he perfected this appeal.

Defendant's notice of appeal to this court recites only that he appeals from the judgment rendered on the 20th day of February, 1961, whereby it was by the district court ordered and adjudged that defendant serve a sentence of six months in the jail of Mitchell county on the charge and conviction of negligent homicide, and

on the charge and conviction of failing to notify a proper police officer, to pay a fine of $100, and to serve a sentence of twenty days in the county jail.

In his abstract defendant alleges several specifications of error, including the overruling of his motion for a new trial. All of the specifications relate to alleged trial errors. Defendant did not appeal from the order overruling his motion for a new trial; therefore, despite his specifications of trial errors, such errors are not reviewable. Matters specified as error, in order to be reviewable, must be within the purview of those matters contained in the notice of appeal, and, when an appellant seeks to have this court review alleged trial errors, he must appeal from the order overruling his motion for a new trial, and, in addition, must specify such ruling as error. He must do both. (*State v. Lewis,* 187 Kan. 221, 356 P. 2d 845; *State v. Trinkle,* 186 Kan. 809, 352 P. 2d 937; *State v. Morrow,* 186 Kan. 342, 349 P. 2d 945; *State v. Hamilton,* 185 Kan. 101, 340 P. 2d 390; *State v. Turner,* 183 Kan. 496, 328 P. 2d 733, 359 U. S. 206, 79 S. Ct. 739, 3 L. Ed. 2d 759.)

Inasmuch as defendant did not appeal from the order of the trial court overruling his motion for a new trial, and his specifications of error relate only to trial errors, there is nothing for this court to review, and the case must be affirmed.

It is so ordered.