No. 42,385

THE STATE OF KANSAS, *Appellee*, v. CHARLES E. BURNETT, *Appellant.*

(367 P. 2d 67)

Opinion filed December 9, 1961.

Appellant was on the brief *pro se.*

R. K. *Hollingsworth,* Deputy County Attorney, of Wichita, argued the cause, and *William M. Ferguson,* Attorney General, and *Robert E. Hoffman,* Assistant Attorney General, of Topeka, and *Keith Sanborn,* County Attorney, of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The defendant was found guilty by a jury of second degree burglary as defined in G. S. 1959 Supp. 21-520. Upon notice and proof of two prior convictions of felony, he was sentenced under the Habitual Criminal Act (G. S. 1949, 21-107a) to confinement in the Kansas State Penitentiary for the period of his natural life. While confined under the sentence, he appealed *pro se* from the jury's verdict, the order overruling his motion for a new trial, and from the judgment and sentence of the district court.

At the outset we are confronted with the state's challenge of the right of the defendant to be heard. Conclusions hereafter announced make it unnecessary to relate the facts of the crime other than to say that all of the evidence was to the effect the defendant

was, in his own words, caught "cold" in committing the burglary in the nighttime.

Throughout the trial the defendant was represented by counsel of his own choice. After the jury returned its verdict of guilty, counsel filed a motion for a new trial upon four grounds: (1) that the court erroneously admitted illegal testimony; (2) that the verdict was decided by means other than a fair expression of opinion on the part of the jury; (3) that the court misdirected the jury on a material matter of law, and (4) that the verdict was contrary to the law and evidence.

When the motion for a new trial came on for hearing counsel stated the motion had just been filed and unless there was objection he "would submit the motion to the court without argument." He then handed the motion to the court and after an examination, the court overruled it.

During the pendency of the appeal the defendant filed a hand-written document labeled "abstract" which purports to abstract and quote portions of testimony given at the trial by certain witnesses for the state. The defendant's "abstract" also contains specifications that the district court erred in the following respects: (1) in overruling the motion for a new trial; (2) in instructing the jury; (3) in admitting testimony of Cass Haag concerning other crimes, and (4) in overruling the motion for a discharge on the grounds the evidence was insufficient to find the defendant guilty.

As is noted, the specifications of error deal only with alleged trial errors, and, except for the fourth, specify matters fairly embraced in the motion for a new trial. The fourth specification of error was not included in the motion for a new trial, nor was the appeal from the order refusing to discharge the defendant. Under our decisions, the fourth specification of error presents nothing for appellate review. (*State v. Combs,* 186 Kan. 247, 350 P. 2d 129.)

With respect to the second and third specifications of error, the record indicates they were not urged as grounds for a new trial. In *State v. Morrow,* 186 Kan. 342, 349 P. 2d 945, this court said:

"It is a long-standing rule of this court that in a criminal action alleged trial errors not heard or presented on the hearing of a motion for a new trial are unavailing on appeal. . . . (*State v. Haught,* 180 Kan. 96, 100, 299 P. 2d 573; *State v. McManaman,* 175 Kan. 33, 35, 36, 258 P. 2d 997.)" (l. c. 343, 344.)

In *State v. Hayes,* 169 Kan. 505, 219 P. 2d 442, it was said:

"Three of appellant's four specifications of error relate to alleged trial errors which, although they were set forth in her motion for a new trial, were

not urged or relied on as grounds for the allowance of such motion at the time it was presented to the trial court and hence are of no avail to her on appellate review." (l. c. 506.)

In *State v. Toelkes,* 128 Kan. 293, 278 Pac. 20, we said:

"Defendant filed motions for a new trial and in arrest of judgment, but according to the record these were 'submitted to the court without argument on either side.' Except in unusual circumstances which do not exist in this case (*Beam v. Farmers Union Mutual Hail Ins. Co.,* 127 Kan. 234, 273 Pac. 440), any matters which should have been but were not urged upon the trial court's attention in those motions present nothing for appellate review. (*Bremen State Bank v. Loffler,* 121 Kan. 6, 8, 245 Pac. 742; *State v. Shehi,* 125 Kan. 110, 263 Pac. 787.) (l. c. 295.)

While a defendant may appeal to this court as a matter of right from any judgment against him by complying with the adequate and easily complied-with method of appeal (G. S. 1949, 62-1701, 62-1724), the statute does not contemplate that he is entitled to a review of every matter involved in his trial and sentence without complying with well-established rules of procedure relating to appellate review. (*State v. Hamilton,* 185 Kan. 101, 103, 340 P. 2d 390; *Brown v. Allen,* 344 U. S. 443, 97 L. Ed. 469, 503, 73 S. Ct. 397.) And so here. The defendant appealed from the order overruling his motion for a new trial and the subjects embraced in the specifications of error were fairly within the purview of the grounds of that motion, but he failed to urge and rely upon those grounds for the allowance of his motion for a new trial at the time it was presented to the district court, consequently, they are of no avail to him for appellate review. (*State v. Morrow,* supra; *State v. Hayes,* supra; *State v. Toelkes,* supra.)

Despite the condition of the record, the court has carefully examined it and is satisfied the defendant suffered no prejudice to his substantial rights, but because anything the court might say on the subject would be extrajudicial, expression of its views would be improper.

Conclusions here announced compel an affirmance of the judgment. It is so ordered.