No. 43,165

State of Kansas, *Appellee*, v. John L. Mize, *Appellant*.

(379 P. 2d 317)

Opinion filed March 2, 1963.

*John L. Mize* was on the briefs *pro se.*

*Robert M. Brown,* county attorney, argued the cause, and *William M. Ferguson,* attorney general, and *Sherman A. Parks,* assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an appeal in a criminal case in which defendant (appellant) John L. Mize was convicted in the court below of the offenses of burglary in the second degree and larceny as defined by G. S. 1959 Supp., 21-520, and G. S. 1949, 21-524.

After the jury returned its verdict of guilty of the two offenses charged in the information defendant filed his motion for a new trial, consisting of four grounds. The motion was overruled and the defendant was sentenced as provided by law for the offenses; whereupon, he perfected this appeal.

Defendant's notice of appeal to this court recites *only* that he appeals from the conviction and judgment rendered in the case. In his abstract defendant sets forth several specifications of error, all of which relate purely to alleged trial errors. Defendant did not appeal from the order overruling his motion for a new trial; therefore, despite his specifications of trial errors, such errors are not reviewable. Matters specified as error, in order to be reviewable, must be within the purview of those matters contained in the notice of appeal, and, when an appellant seeks to have this court review alleged trial errors, he *must* appeal from the order overruling his motion for a new trial, and, in addition, *must* specify

such ruling as error. He must do both. The above rule has been reiterated time and time again by this court. (See *State v. Schneider,* 188 Kan. 808, 366 P. 2d 27, and cases therein cited, including *State v. Turner,* 183 Kan. 496, 328 P. 2d 733, 359 U. S. 206, 79 S. Ct. 739, 3 L. Ed. 2d 759.)

Inasmuch as defendant did not appeal from the order of the trial court overruling his motion for a new trial, and his specifications of error relate only to trial errors, there is nothing for the court to review and the judgment of the district court is affirmed.

It is so ordered.