No. 43,859

THE STATE OF KANSAS, *Appellee*, v. CONVERS E. MARSH, *Appellant*.

(392 P. 2d 953)

Opinion filed June 6, 1964.

*Russell Shultz*, of Wichita, argued the cause and was on the brief for the appellant.

*J. O. Ballinger*, Deputy County Attorney, argued the cause, and *William M. Ferguson*, Attorney General, and *Keith Sanborn*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from a conviction of robbery in the first degree.

In view of the limited questions presented by the record, and because of our disposition of the case, a very brief factual statement will suffice.

At about 11:45 on the night of May 6, 1963, two men entered a supermarket in the city of Wichita. One of them was brandishing a revolver. They informed two employees of the store—a stockman and the assistant manager—"that it was a holdup"—and to get the money out and put it in a sack." One of the robbers—later identified as the defendant—fired a shot, but no one was hit. Approximately $930 was taken in the robbery. Immediately after the robbers left the store one of the victims called the police.

Within minutes thereafter a description of the "get-away" car and its license number were broadcast by radio. As a result of this fact and alertness on the part of the police department, within about thirty to forty-five minutes after the robbery the car in question was traced to the parking lot of a motel in Wichita. Police officers ascertained from the manager of the motel that the car

belonged to or had been used by men staying or visiting in one of the motel units. They went to that room and were admitted by defendant. Another man also was in the room. Following a brief questioning the officers looked around the room and, among other things, found a revolver and considerable currency. A considerable amount of currency also was found on defendant's person. Defendant and his companion were placed under arrest and taken to the police station. An hour or two later both of them were postitively identified in a police "line-up" by the store employees as being the men who had entered the store and held them up two or three hours earlier.

Throughout his trial on charges of robbery in the first degree defendant's counsel objected to the introduction into evidence of the revolver, money, and other items found in the motel room on the ground that they were the result of an illegal search and seizure in that at the time and place in question the police officers had no search warrant.

The objections were overruled. The jury returned a verdict of guilty as charged. Defendant filed a motion for a new trial, alleging:

"1. That the Court has admitted illegal testimony, the re-reading of testimony of two States' witnesses in its entirety, and for newly discovered evidence.

"2. That the Court has mis-directed the jury in the material matter of law.

"3. That the verdict is contrary to the law or evidence."

The motion was overruled, and defendant filed his notice of appeal from the judgment and sentence and from the order overruling his motion for a new trial.

In due course the appeal was set for hearing on April 9, 1964, at the regular April session of this court.

On March 16 defendant filed his combined abstract and brief in the office of the clerk of this court. His abstract contained only two specifications of error as follow:

"1. Was the search and seizure made at the motel room of the appellant unlawful, and was the evidence thereby seized inadmissible because no search warrant was obtained?

"2. Conceding, for the sake of argument only, that the search and seizure was not unlawful and the evidence thereby seized was not inadmissible because of an unlawful search and seizure, then and in that event the evidence which was admitted over objection of this appellant was still inadmissible as there was no showing that the items introduced where the fruits of any crime, that they belonged to the defendant or that they were in any way relevant to the issues in this case."

It is to be noted that defendant did not include in his specifications of error the order overruling his motion for a new trial.

The files of the clerk of this court disclose that on April 3 defendant's counsel was served with a copy of the state's brief and that it was filed with our clerk on April 4. In its brief the state challenged the right of defendant to be heard on appeal, its contention being that because of defendant's failure to specify as error the order overruling his motion for a new trial—rulings on the admission and exclusion of evidence are not subject to appellate review.

On the morning of April 9, just a few moments before this appeal was called for hearing, defendant's counsel filed with the clerk of this court a motion requesting permission to correct a typographical error (not here material) in his brief, and for leave to amend his specifications of error by adding thereto that the trial court erred in overruling the motion for a new trial. At the bottom of this written motion was a typed "consent," dated April 8, signed by the deputy county attorney assigned to the case. During the oral argument of the appeal the deputy county attorney advised us that late in the afternoon of the previous day, in Wichita, defendant's counsel had handed the motion to him and that by signing the typed-in "consent" he meant that he was merely consenting to the belated filing of the motion and did not consent to the request for permission to amend and add to the specifications of error.

We granted the request to correct the obvious typographical error in the brief. The request to amend the abstract by adding the additional specification of error was taken under advisement. The appeal was orally argued by both sides.

An identical question was presented in *State v. Hamilton*, 185 Kan. 101, 340 P. 2d 390, certiorari denied, 361 U. S. 920, 4 L. ed. 2d 188, 80 S. Ct. 265. There the defendant appealed from the order overruling his motion for a new trial but failed to specify the order as error. Upon oral argument of the appeal his counsel, for the first time, requested permission to amend and enlarge the specifications of error so as to include the overruling of the motion for a new trial. It was held that in the interest of orderly procedure on appellate review the request came too late, and it was denied.

In *State v. Young*, 190 Kan. 403, 375 P. 2d 783, the defendant appealed from the order overruling his motion for a new trial. His abstract contained four specifications of error relating to alleged

trial errors—but failed to specify as error the overruling of his motion for a new trial. The appeal was set for hearing on September 24. On September 22 defendant, for the first time, requested permission to amend and enlarge the specifications of error so as to include the order overruling the motion for a new trial. The request was denied.

We adhere to the rule and reasoning of the foregoing cases and hold that under the facts and circumstances defendant's application to amend and enlarge the specifications of error must be denied.

The firmly-established rule in this state is that in order for this court to review alleged trial errors in a criminal prosecution it is required that the defendant appeal from the order overruling his motion for a new trial, and, in addition thereto, such ruling must be specified as error. We cite but a few of the many decisions in which the rule has been applied: *State v. Shehi*, 125 Kan. 110, syl. 2, 263 Pac. 787; *State v. Pore*, 143 Kan. 344, syl. (4), 55 P. 2d 348; *State v. Owen*, 161 Kan. 361, 168 P. 2d 917; *State v. Turner*, 183 Kan. 496, syl. 1, 328 P. 2d 733, appeal dismissed for want of a substantial federal question, 359 U. S. 206, 3 L. ed. 2d 759, 79 S. Ct. 739; *State v. Hamilton*, above; *State v. Lewis*, 187 Kan. 221, syl. 1, 356 P. 2d 845; *State v. Bednark*, 187 Kan. 236, 237, 356 P. 2d 848; *State v. Jones*, 187 Kan. 318, syl. 1, 356 P. 2d 843; *State v. Armstrong*, 188 Kan. 567, 569, 363 P. 2d 520; *State v. Schneider*, 188 Kan. 808, 366 P. 2d 27; *State v. Young*, above, and *State v. Falder*, 191 Kan. 150, 379 P. 2d 296.

The only specifications of error urged by defendant relate to the admission in evidence of the revolver, currency, and other items found in defendant's possession shortly after the robbery. Rulings on the admission or exclusion of evidence during the course of a trial are within the category of alleged trial errors. Because of defendant's failure to specify as error the order overruling his motion for a new trial appellate review of those rulings is precluded. This is true, as was held in the recent case of *State v. Aeby*, 191 Kan. 333, 381 P. 2d 356, even though it is argued by defendant that his rights under provisions of the federal constitution were violated because of an alleged unlawful search and seizure. In that case the defendant neither appealed from the order overruling his motion for a new trial nor did he specify the ruling as error. In paragraph 3 of the syllabus it was held:

"Where a defendant appeals from the judgment and sentence of his conviction and attempts to raise a matter relating to the admission or exclusion of evidence, which is a trial error, such matter may be reviewed only where the appeal is from the order overruling the motion for a new trial and such ruling is specified as error in conformity with Rule No. 5 of this court, and the fact that a claimed federal right is presented does not preclude this court from refusing to decide the federal question and applying adequate and independent well-settled state rules relating to appellate procedure."

In support of the rule just quoted the opinion cites numerous decisions of the Supreme Court of the United States. The opinion closes with this statement:

"We rest our decision in this case upon the appellant's failure to invoke and apply the adequate and easily complied-with rules of this court relating to appellate procedure and do not pass upon the merits of the case or upon the correctness of any of the rulings of the district court. Appellate jurisdiction in this instance was not invoked in accordance with those rules, and we here deny no federal right since there was no federal question before us for decision." (p. 337.)

We know of no reason why the reasoning and rule of that case should not be followed.

The judgment is affirmed.