No. 43,899

STATE OF KANSAS, *Appellee,* v. GEORGE ADAMS, *Appellant.*

(394 P. 2d 114)

Opinion filed July 14, 1964.

*Robert B. Yohe,* of Kansas City, argued the cause and was on the briefs for the appellant.

*William L. Roberts,* Assistant County Attorney, argued the cause, and *Robert J. Foster,* County Attorney, *William Ferguson,* Attorney General, and *Robert Hoffman,* Assistant Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: The defendant, George Adams, was charged with the crime of grand larceny, as defined by statute (G. S. 1961 Supp., 21-533), specifically the theft of personal property of the value of more than fifty dollars, identified as (1) General Electric Stero Console and (1) RCA Console Phonograph. After his arrest on that charge, and a preliminary examination about which no complaint is made, he was charged by information in the district court of Wyandotte County with the commission of such crime.

In the district court, represented by competent counsel, defendant was tried by a jury and, after a verdict of guilty and the overruling of his motion for a new trial, sentenced to the state penitentiary under G. S. 1949, 21-534 and G. S. 1949, 21-107(a).

Subsequently defendant gave a *pro se* notice of appeal. Later, and pursuant to his motion, the trial court directed that defendant

be furnished with a free transcript of the record, pursuant to G. S. 1961 Supp., 62-1304, and, in conformity with our Rule No. 56, appointed Robert B. Yohe, a capable attorney of Wyandotte County, to represent him in his appeal. Court appointed counsel then filed an amended notice of appeal. In passing it is to be noted that, although differently worded, both the *pro se* notice of appeal and the amended notice of appeal are limited strictly to allegations stating that defendant was appealing from the judgment, sentence and order of commitment issued and imposed by the Judge of Division One of the District Court of Wyandotte County.

Following action as indicated, and notwithstanding his notices of appeal make no mention of the overruling of his motion for a new trial and do not even purport to appeal from that ruling, defendant brings his appeal to this court under specifications of error charging that the trial court erred (1) in erroneously instructing the jury; (2) in overruling his motion for a new trial; and (3) in overruling his motion for discharge at the close of the State's evidence.

Nothing would be gained by here discussing contentions advanced with respect to the alleged trial errors, hereinabove identified as (1) and (2), on which appellant relies in support of this appeal. It suffices to say this court has long been committed to the rule, to which we adhere, that when, after conviction and sentence in the trial court, a defendant appeals to this court and seeks review of alleged trial errors he must appeal from the order overruling his motion for a new trial, and in addition specify that ruling as error, in order to make such questions subject to appellate review. For a few of our decisions recognizing and applying the foregoing rule, where—as here—the appellant has failed to appeal from the order overruling his motion for a new trial, and despite that fact has specified that ruling as error, see *State v. Turner,* 183 Kan. 496 (Syl. ¶ 1), 500, 328 P. 2d 733, 359 U. S. 206, 3 L. Ed. 2d 759, 79 S. Ct. 739; *State v. Combs,* 186 Kan. 247, 350 P. 2d 129; *State v. Morrow,* 186 Kan. 342, 349 P. 2d 945; *State v. Duree,* 186 Kan. 783, 784, 352 P. 2d 957; *State v. Trinkle,* 186 Kan. 809, 811, 812, 352 P. 2d 937; *State v. Lewis,* 187 Kan. 221, 222, 223, 356 P. 2d 845; *State v. Jones,* 187 Kan. 318 (Syl. ¶ 1), 319, 356 P. 2d 843; *State v. Schneider,* 188 Kan. 808, 366 P. 2d 27; *State v. Mize,* 191 Kan. 129, 379 P. 2d 317; *State v. Aeby,* 191 Kan. 333, 335, 381 P. 2d 356. Numerous other decisions of like import can be found in Hatcher's Kansas Digest [Rev. Ed.], Crim-

inal Law, § 418, and West's Kansas Digest, Criminal Law, §§ 1129[1], 1134[8].

Nor is it required that we burden our reports with a review of arguments presented by appellant in support of his specification of error hereinbefore identified as (3). The status of a similar specification of error has been determined by this court in *State v. Burnett,* 189 Kan. 31, 367 P. 2d 67, under conditions and circumstances which, for present purposes, may be said to be almost identical with the one herein involved. In that case we said and held:

". . . The defendant's 'abstract' also contains specifications that the district court erred in the following respects: (1) in overruling the motion for a new trial; (2) in instructing the jury; (3) in admitting testimony of Cass Haag concerning other crimes, and (4) *in overruling the motion for a discharge on the grounds the evidence was insufficient to find the defendant guilty.*

"As is noted, the specifications of error deal only with alleged trial errors, and, except for the *fourth,* specify matters fairly embraced in the motion for a new trial. The *fourth specification of error was not included in the motion for a new trial, nor was the appeal from the order refusing to discharge the defendant.* Under our decisions, the *fourth specification of error presents nothing for appellate review.* (*State v. Combs,* 186 Kan. 247, 350 P. 2d 129.)" (p. 32.) (Emphasis supplied.)

And so here, since the appellant's third specification of error was not included in his motion for a new trial and since it must be conceded he did not appeal from the order refusing to discharge him, the decision just cited compels a conclusion his third specification of error presents nothing for appellate review.

The record presented fails to disclose anything which warrants or permits the sustaining of the instant appeal. Therefore, based on what has been heretofore stated and held, the judgment of the trial court must be and it is hereby affirmed.

It is so ordered.