No. 43,955

STATE OF KANSAS, *Appellee*, v. PATRICK J. RYAN, a/k/a JAMES KEIGHTLEY, *Appellant.*

(396 P. 2d 863)

Opinion filed November 7, 1964.

*L. J. Grant,* of Topeka, argued the cause, and was on the briefs for the appellant.

*Robert M. Brown,* County Attorney, of Topeka, argued the cause, and *William M. Ferguson,* Attorney General, and *Sherman A. Parks,* Assistant County Attorney, both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Patrick J. Ryan, a/k/a James Keightley, was charged with the crime of robbery in the first degree, in violation of G. S. 1949, 21-527. At the conclusion of the trial, at which the defendant was represented by counsel of his own choice, the jury returned a verdict of guilty. Following the overruling of his motion for a new trial and the imposition of sentence, the defendant appealed to this court.

As we view this case, no more need be said of the facts disclosed at the trial than that the defendant was identified by the victim, a Topeka taxicab driver, as the man who robbed him of some twenty-four or twenty-five dollars and his taxicab, by placing a gun (later ascertained to be a water pistol) at the back of his head, and that various incriminating circumstances, including a statement made by the defendant himself shortly after the robbery, corroborated the identification.

Four specifications of error are set out by the defendant in his abstract: (1) Overruling the defendant's motion for continuance pending the furnishing of written psychiatric report; (2) overruling the defendant's objection to the state's introduction of evidence, alleged to be hearsay, relating to statements made to a police officer

by one Richard Fuller; (3) allowing the state to introduce hearsay evidence without laying the proper foundation therefor; and (4) overruling the defendant's motion for a new trial.

However, on oral argument before this court, the defendant's counsel, who had also represented defendant at the trial, urged only one ground, i. e., that hearsay evidence was erroneously admitted at the trial. The evidence thus challenged was given by a Topeka police officer who testified to a conversation, between himself and Fuller, held in the defendant's presence a few minutes after the robbery and near the stolen taxicab which was parked on Kansas Avenue with its motor running.

This contention relates solely to a trial error and is not subject to review in this court because no appeal was taken from the trial court's order overruling the defendant's motion for a new trial. The notice of appeal states merely that the appeal is taken from the decision of the trial court admitting the police officer's allegedly hearsay testimony.

It has long been the established rule of this court that where a defendant appeals from a conviction and sentence against him, alleged trial errors will not be considered on appellate review unless the defendant appeals from the order overruling his motion for a new trial and specifies such ruling as being error. So consistently has this rule been applied in this jurisdiction that extensive citation of authority is deemed superfluous. However, reference is made to the recent cases of *State v. Aeby,* 191 Kan. 333, 381 P. 2d 356; *State v. Marsh,* 193 Kan. 302, 392 P. 2d 953 and *State v. Adams,* 193 Kan. 523, 394 P. 2d 114, and the numerous authorities set forth therein.

The foregoing rule likewise precludes consideration of the matter asserted as error in the defendant's first specification. Furthermore, the trial court's denial of a continuance was not included among the grounds advanced for a new trial and, hence, is not properly here for review. (*State v. Burnett,* 189 Kan. 31, 367 P. 2d 67, *State v. Adams,* supra.) It should also here be noted that this contention was not even presented to this court at the time of oral argument, inasmuch as defense counsel then advised this court that the defendant did not claim he was insane or unable to comprehend his position or make his defense.

We feel certain, after scrutinizing the record, despite its state, that none of the defendant's substantial rights have been prejudiced.

The judgment of the trial court is affirmed.