No. 42,817

The State of Kansas, *Appellee*, v. Claude M. Carpenter, Jr., *Appellant.*

(403 P. 2d 996)

Opinion filed July 10, 1965.

*Claude Lee,* of Wichita, argued the cause, and was on the briefs for appellant.

*Keith Sanborn,* County Attorney, of Wichita, argued the cause, and *Robert C. Londerholm,* Attorney General, *Charles Henson* and *Park McGee,* Assistant Attorneys General, of Topeka, and *R. K. Hollingsworth,* Deputy County Attorney, of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: The appellant, Claude M. Carpenter, was charged, tried by a jury, and convicted of second degree burglary, grand larceny, third degree burglary, and possession of burglary tools. The defendant was represented by counsel of his own choice at the trial. Following the defendant's conviction, counsel filed a motion for a new trial, which was overruled, and he also appeared with the defendant when he was sentenced.

During the presentation of the state's case in chief, evidence was introduced that the defendant and his accomplice burglarized the Interstate Securities Company office in Wichita at about 5:00 o'clock in the morning on April 11, 1960. The defendant was apprehended in his home about 30 minutes later following his identification by a newsboy who was delivering his morning paper route and saw him and his accomplice near and leaving the scene of the burglarized

office. Exhibits in the form of bills and coins, two cash boxes containing identifying material from the Interstate office, and a red shirt and a pair of trousers were offered in evidence. The defendant was wearing the red shirt and trousers when he was observed at the scene of the burglary. He seeks reversal of his conviction upon the theory that the shirt and the trousers were taken from his home as the result of an alleged unlawful search and seizure when police officers arrested him in his home without a search warrant. During the presentation of the state's evidence, and specifically with respect to the offer of all the exhibits including the red shirt and trousers, the following occurred:

"MR. SANBORN: Yes; I'll just make all my proffers, then you can make your objections.

"MR. CLARKSON: I'm not objecting.

"MR. SANBORN: Pardon me? You don't have any objections?

"MR. CLARKSON: None whatever.

"MR. SANBORN: We'd further like to—He didn't object. May these be admitted, Your Honor?

"THE COURT: Why don't you finish up so we will get—

"MR. SANBORN: O. K. I would further like to offer in evidence Exhibit 20, consisting of this red shirt and those trousers.

"MR. CLARKSON: That's all you're offering?

"MR. SANBORN: That's all there could be, because that's all we have.

"MR. CLARKSON: O. K. No objection.

"THE COURT: They will be admitted. That is State's Exhibits 13, 14, State's Exhibit 20 and State's Exhibit 21-A."

The defendant's motion for a new trial contained five grounds specifying that the district court had misdirected the jury in a material matter of law; that the verdict was in whole or in part contrary to the evidence; that the verdict was given under the influence of passion or prejudice; that on account of accident or surprise which ordinary prudence on the part of the defendant could not have prevented, and for abuse of discretion of the court whereby the defendant was not afforded a reasonable opportunity to present his evidence and be heard on the merits of the case.

Following the defendant's confinement in the Kansas State Penitentiary, he filed his notice of appeal to this court *pro se*, which recited that he gave "timely notice of intention to appeal from the *judgment* entered by" the district court. Thus, the defendant appealed only from the conviction and judgment rendered in the case, and he did not appeal from the order overruling his motion for a new trial.

During the pendency of the appeal, the parents of the appellant, Claude M. Carpenter, Jr., employed Claude Lee, a member of the Sedgwick County Bar Association, to represent the defendant in this court.

The defendant principally argues that the district court erroneously admitted into evidence the red shirt and trousers which were taken from the defendant's home following his arrest when, it is claimed, police officers illegally forced entry into his home to arrest him and there seized his personal effects. The contention relates solely to an alleged trial error and is not subject to appellate review because no appeal was taken from the district court's order overruling the defendant's motion for a new trial. Moreover, the question here raised was not included in the defendant's motion as a ground for a new trial for the obvious reason that the defendant did not object to the introduction of the exhibits in question, but affirmatively consented to their introduction during the trial.

It is the long-established and well-settled rule of appellate procedure that where a defendant appeals from a conviction and sentence against him, alleged trial errors will not be considered on appellate review unless the defendant appeals from the order overruling his motion for a new trial and specifies such ruling as error. A few of our many decisions applying the rule to appellate review of criminal cases are *State v. Shehi,* 125 Kan. 110, 263 Pac. 787; *State v. Owen,* 161 Kan. 361, 168 P. 2d 917; *State v. Turner,* 183 Kan. 496, 328 P. 2d 733; *State v. Hamilton,* 185 Kan. 101, 340 P. 2d 390, 361 U. S. 920, 4 L. Ed. 2d 188, 80 S. Ct. 265; *State v. Combs,* 186 Kan. 247, 350 P. 2d 129; *State v. Bednark,* 187 Kan. 236, 356 P. 2d 848; *State v. Armstrong,* 188 Kan. 567, 363 P. 2d 520; *State v. Mize,* 191 Kan. 129, 379 P. 2d 317; *State v. Aeby,* 191 Kan. 333, 381 P. 2d 356, and *State v. Ryan,* 193 Kan. 672, 396 P. 2d 363.

In *State v. Aeby,* supra, it was said:

"As we have seen, the point here attempted to be raised relates to the admission or exclusion of evidence which is a trial error and may be reviewed only when the appeal is from the order overruling the motion for a new trial and such rule is specified as error in conformity with Rule No. 5 of this court, and the fact that a claimed federal right is presented does not preclude this court from refusing to decide the federal question and apply adequate and independent well-settled state rules relating to appellate procedure. In *John v. Paullin,* 231 U. S. 583, 58 L. Ed. 381, 34 S. Ct. 178, it was said:

" 'Without any doubt it rests with each State to prescribe the jurisdiction of its appellate courts, the mode and time of invoking that jurisdiction, and the rules of practice to be applied in its exercise; and that state law and practice

in this regard are no less applicable when Federal rights are in controversy than when the case turns entirely upon questions of local or general law. . . .' (p. 585.)

"In *In re Lamkin*, 355 U. S. 59, 2 L. Ed. 107, 78 S. Ct. 137, a petition for a writ of *certiorari* was denied upon the ground that the judgment of the court of criminal appeals of Texas rested upon an adequate state ground since the petitioner in filing his application for habeas corpus in the state court failed to comply with applicable state procedures. See, also, *Fox Film Corp. v. Muller*, 296 U. S. 207, 80 L. Ed. 158, 56 S. Ct. 183, holding that where the judgment of a state court rests upon two grounds, one of which is federal and the other nonfederal in character, the Supreme Court of the United States is without jurisdiction to review if the nonfederal ground is independent of the federal ground and adequate to support the judgment. In the opinion it was said:

" '. . . This rule has become firmly fixed at least as early as *Klinger v. Missouri*, 13 Wall. 257, 263 (20 L. Ed. 635, 637), and has been reiterated in a long line of cases since that time. It is enough to cite, in addition to the *Klinger* case, the following: *Enterprise Irrigation District v. Canal Co.*, 243 U. S. 157, 163-165 (61 L. Ed. 644, 648, 649, 37 S. Ct. 318); *Petrie v. Nampa Irrigation District*, 248 U. S. 154, 157, (63 L. Ed. 178, 179, 39 S. Ct. 25); *McCoy v. Shaw*, 277 U. S. 302 (72 L. Ed. 891, 48 S. Ct. 519); *Eustis v. Bolles*, 150 U. S. 361 (37 L. Ed. 1111, 14 S. Ct. 131).' (l. c. 210.)

"In *Williams v. Georgia*, 349 U. S. 375, 99 L. Ed. 1161, 75 S. Ct. 814, it was said:

" 'A state procedural rule which forbids the raising of federal questions . . . by any other than a prescribed method, has been recognized as a valid exercise of state power . . .' (p. 382.)

"See, also, *Ferguson v. Georgia*, 365 U. S. 570, 5 L. Ed. 2d 783, 81 S. Ct. 756, as tending to bear on this point. In *Beck v. Washington*, 369 U. S. 541, 549, 550, 8 L. Ed. 2d 98, 82 S. Ct. 955, it was said that Rule 43 of the Rules on Appeal, Revised Code of Washington, relating to appellate review of alleged errors of the trial courts of that state which provides that '[n]o alleged error of the superior court will be considered by this court unless the same be definitely pointed out in the "assignments of error" in appellant's brief' was a valid exercise of state power, and that the supreme court of the state of Washington was not required to search through an appellant's brief to find specific contentions which should have been raised within the 'assignments of error.'

"We rest our decision in this case upon the appellant's failure to invoke and apply the adequate and easily complied-with rules of this court relating to appellate procedure and do not pass upon the merits of the case or upon the correctness of any of the rulings of the district court. Appellate jurisdiction in this instance was not invoked in accordance with those rules, and we here deny no federal right since there was no federal question before us for decision." (l. c. 336, 337.)

For cases following *State v. Aeby*, supra, see *State v. Smith*, 193 Kan. 299, 392 P. 2d 902; *State v. Marsh*, 193 Kan. 302, 392 P. 2d 953; *State v. Adams*, 193 Kan. 523, 394 P. 2d 114, and *State v. Ryan*, supra.

As the record indicates, the only grounds urged for reversal relate to the admission into evidence of the red shirt and trousers taken from the defendant's home when he was arrested. The ruling of the district court admitting them in evidence during the course of the trial falls within the category of alleged trial errors. Appellate review of the ruling is precluded under the well-established rules of this court heretofore set forth.

We have fully reviewed the record and find no merit in the defendant's contention. He was represented by competent counsel throughout his trial. We know of no reason why the rule of cases heretofore cited should not be followed, and we deny no federal right since no federal question was presented for decision.

The judgment is affirmed.