No. 44,236

THE STATE OF KANSAS, *Appellee*, v. HARRISON JOLLY, *Appellant*.

(410 P. 2d 267)

Opinion filed January 22, 1966.

*James Yates*, of Kansas City, argued the cause, and was on the brief for the appellant.

*William L. Roberts*, Assistant County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, and *Leo J. Moroney*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Harrison Jolly, has appealed from a conviction of robbery in the first degree in violation of G. S. 1949 (now K. S. A.) 21-527. For the sake of clarity, the appellant will be referred to throughout this opinion as the defendant or the accused, and the appellee as the state.

The evidence introduced by the state at the trial showed, in brief, that on the day of the robbery, the victim, Russell B. Thomas, obtained two bags of money from a bank and proceeded to drive to his store; on the way, he noticed through his rear-view mirror that he was being followed by two colored men in a pink Cadillac car; as he parked off the alley behind his store, Thomas was robbed at gun point of the two bags of money and his car keys by Marvin Fuller, the accused's codefendant; at this point Thomas did not see the accused.

A short time thereafter, the pink Cadillac, owned and driven by the defendant, was spotted by Kansas City police officers and a high-speed chase ensued during which two revolvers, two hats and at least one of the bags of money were thrown from the car. Eventually, the defendant stopped his car and both he and his companion jumped out and ran, despite police commands to halt. Shots followed, and the defendant was hit and wounded while his companion escaped. On being approached by the officers as he lay on the ground, the defendant was asked if he had participated in the robbery and he replied that he had.

The defendant testified, albeit without corroboration, that on the morning of the robbery he first took his friend, Fuller, to see about a job change, after which he commenced to follow the Thomas car because Fuller said he saw a friend in that station wagon and would like to catch him; that when Thomas turned into the driveway, he, the defendant, drove around on the street side, where Fuller asked to be let out and said he would not be gone long; that he let Fuller out and parked around the corner; that Fuller went in the building, returned about ten minutes later and told accused to take him home; on reaching the intersection of Seventh Street and the boulevard he noticed the red light of a police car and Fuller then, for the first time, told defendant that the police were after him and that he had stuck up that place back there; that defendant panicked and told Fuller to leave but instead Fuller threw out the money and some other stuff; that they drove a little further when Fuller said he wanted out and that as the car pulled to the curb, Fuller jumped and ran and the defendant jumped, too, because he didn't know what to do; that he was shot, but that he did not tell the police officer he had participated in the robbery.

After the jury returned a verdict of guilty, the defendant filed a motion for a new trial, which was presented and overruled. The

instant appeal was then perfected. The several specifications of error will be discussed *seriatim*.

It is first contended that the court erred in permitting the police officer to testify that the defendant said he had participated in the holdup. This contention must fail for three reasons.

In the first place, the record shows no objection was made to the testimony. K. S. A. 60-404 provides, in substance, that no verdict shall be set aside, or judgment based thereon be reversed, because of erroneous admission of evidence, unless the record reveals that an objection, specifying the ground thereof, was timely interposed. This statute merely restates the practice which has long existed in this state. (See Advisory Committee Notes, Gard's Kansas Code of Civil Procedure, annotated, p. 367.)

This court has consistently adhered to the rule that alleged errors in the admission of evidence will not be reviewed on appeal in the absence of timely objection made thereto. (*Fleming v. Latham*, 48 Kan. 773, 30 Pac. 166; *Moyer v. Dolese Brothers Co.*, 162 Kan. 484, 178 P. 2d 270; *State v. Gates*, 196 Kan. 216, 410 P. 2d 264. This contemporaneous objection rule serves a legitimate and useful purpose in the orderly administration of justice at both trial and appellate levels. (*State v. Freeman*, 195 Kan. 561, 408 P. 2d 612.)

Secondly, this claim of error was not contained in defendant's motion for new trial nor is it shown to have been presented to the trial court when the motion was argued. For these reasons, also, the question is not subject to review. (*State v. Burnett*, 189 Kan. 31, 367 P. 2d 67; *State v. Ryan*, 193 Kan. 672, 396 P. 2d 363; *State v. Gates*, supra.) This is true even though the defendant contends that his constitutional rights were violated. (*State v. Aeby*, 191 Kan. 333, 336, 381 P. 2d 356; *State v. Malone*, 194 Kan. 563, 568, 400 P. 2d 712.)

Finally, even if the admissibility of the now challenged testimony was properly before this court, we believe the circumstances shown of record do not bring this case within the ban of *Escobedo v. State of Illinois*, 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758. The colloquy between the police officer, Kilburn, and the accused took place immediately upon Kilburn's arrival at the spot where the defendant lay wounded. The discourse was very brief and appears to have been spontaneous. Kilburn testified as follows:

"I first asked the man if he was hurt badly and he said he thought so. I then asked him if he participated in the holdup at 12th and Minnesota; he said that he did; I then sent my partner after the ambulance for him. I then asked him who the other man was and he didn't answer me."

When this conversation occurred, the defendant had not been accused of this or any other holdup. Suspicion of having participated in this robbery had not become focused on him. Clearly, the few words spoken, which are non-coercive in character, were not designed to elicit a confession from the defendant, but were simply part of a legitimate and necessary investigation into a recently committed crime of violence.

We believe the recorded facts bring this case within the ambit of *United States v. Cone,* 354 F. 2d 119 (1965), and *United States v. Robinson,* 354 F. 2d 109 (1965), both of which hold admissible inculpatory statements made during brief, casual, non-coercive questioning at the time of or shortly after an arrest.

A somewhat analogous case is *People v. Green,* 46 N. Y. Misc. 2d 812, 260 N. Y. S. 2d 941, where a New York court ruled admissible a brief conversation between a police officer and the accused held in a hallway where the accused and certain stolen property were found. In its opinion, the court cites *People v. Gunner,* 15 N. Y. 2d 226, 257 N. Y. S. 2d 924, 205 N. E. 2d 852, to the effect that the exclusionary rule should not be extended to render inadmissible inculpatory statements obtained by law enforcement officers contemporaneously with an arrest even though the person arrested is not made aware of his privilege to remain silent and of his right to a lawyer.

The defendant next argues that it was error to permit the state to refer repeatedly to his refusal to make a statement two days after the incident occurred and while he was confined in the hospital. The record shows but two references to the refusal. Officer Shannon testified that when he first sought to talk with the accused at the hospital, the latter was under sedatives and was in no condition to talk and that two days later he returned, at which time the accused, on being advised of his rights, refused to talk. The court ruled that evidence inadmissible. Later, on cross-examination, the accused was asked about his refusal to make a statement, but the subject was not pursued after an objection was raised. Although the accused states in his brief that the prosecution referred to this subject in final argument, the record does not substantiate that claim.

The defendant has not shown that he was substantially prejudiced by the state's actions in the above regard. Not only is there no evidence of *repeated* references to the subject, but the court sustained the objections interposed by the defense. The sole authority cited by accused is *State v. Peterson,* 102 Kan. 900, 171 Pac. 1153, where the county attorney commented on the failure of the defendant's wife to testify. We think that case is not in point. Our statute (K. S. A. 62-1420) prohibits comment on the failure or refusal of a defendant, or his spouse, to testify; there is no such statutory prohibition in case of a refusal to make an out-of-court statement. Moreover, the Peterson case holds, consistently with the provisions of K. S. A. 62-1718 and our many decisions, that error must be shown to have prejudicially affected a substantial right of an accused before it can be made the basis of reversal. (*State v. Brooks,* 74 Kan. 175, 85 Pac. 1013; *State v. Addington,* 158 Kan. 276, 282, 147 P. 2d 367.)

It is next urged that error was committed in permitting Thomas to relate a brief conversation had with Fuller at the scene of the robbery together with certain conclusions he drew from Fuller's remarks. No objection was made to this evidence when introduced nor was its admission mentioned in defendant's motion for a new trial. Hence, under decisions hereinbefore cited, this contention is not properly before us. Furthermore, statements made by Fuller during the robbery would be admissible as declarations of a co-conspirator made during the existence of the conspiracy. (*State v. Shaw,* 195 Kan. 677, 408 P. 2d 650.) In addition, we have studied the entire Thomas testimony and are convinced that no prejudice resulted therefrom to the defendant's substantial rights.

A fourth error alleged is the trial court's refusal to instruct on the offense of being an accessory after the fact, it having been the defendant's position throughout the trial that his sole connection with the robbery was in helping Fuller make his escape and avoid arrest. The court declined to give the requested instruction on the ground that the charge of being an accessory after the fact was not comprehended within the charge set out in the information, wherein the defendant was alleged to be a principal. We agree. In *State v. McAlister,* 139 Kan. 672, 33 P. 2d 314, this court held:

"The offense of being an accessory after the fact, as defined by R. S. 21-106, is a separate and distinct offense from that committed by the person who is aided; it does not partake of the nature of the other offense nor is it a degree of it. Where the information on which the defendant is being tried does

not charge an offense under the above section of the crimes act, an instruction relative to defendant being an accessory after the fact is improper, and the court's refusal to give such an instruction is proper." (Syl. ¶ 3.)

In the recent case of *State v. Turner,* 193 Kan. 189, 392 P. 2d 863, we reiterated the rule when we said:

". . . Where, as in the instant case, the information charges murder in the first degree under G. S. 1949, 21-401, it does not include being an accessory after the fact, which is a separate and distinct offense, and the court properly refused to give the requested instruction on the offense not included in the information. (G. S. 1949, 21-106; *State v. Phillips,* 136 Kan. 407, 410, 15 P. 2d 408.)" (p. 200.)

We pass to the defendant's fifth claim that the court improperly instructed the jury on circumstantial evidence. The challenged instruction follows:

"You are instructed that evidence is of two kinds: Direct and circumstantial. Direct evidence is when a witness testifies directly of his own knowledge of the facts to be proved. Circumstantial evidence is proof of certain facts and circumstances in a given case from which the jury may infer other and connected facts which usually and reasonably follow, according to the common experience of mankind. Crime may be proved by circumstantial evidence as well as by direct testimony of eye-witnesses, but the facts and circumstances in evidence must not only be consistent with each other and with the guilt of the defendant, but they must be inconsistent with any reasonable theory of defendant's innocence."

We discern nothing inherently wrong with this charge. It seems, in essence, to cover the subject adequately. Moreover, there is nothing in the record to indicate that the accused objected to the instruction when given, or requested any different or other instructions on the subject. Neither was the point raised in the motion for new trial. The contention lacks merit.

The defendant complains of the trial court's refusal to direct a verdict of not guilty of robbery, his point being that, under the evidence, he was no more than an accessory after the fact. Although the defendant did testify that he was unaware of the robbery until after its commission and played no part in its perpetration, he ignores the fact that there was other evidence, both direct and circumstantial, from which the jury might find that he did participate in the crime.

With the evidence in such condition, the trial court would not have been warranted in directing a verdict in favor of the defendant. In *State v. Jackson,* 42 Kan. 284, 22 Pac. 427, we said:

". . . In criminal cases it is never competent for the court to take a *question* of fact away from the jury and to decide it itself. . . ." (p. 386.)

More recently, in *State v. Hanks,* 179 Kan. 145 292 P. 2d 1096, this court declared:

". . . It is the rule, subject to some exceptions not involved in this case, that in criminal cases it is never proper for the court to take a question of fact away from the jury and to decide it itself. . . ." (p. 147.)

In an appeal from the denial of a defense motion for a directed verdict, this court is concerned only in ascertaining whether there was sufficient evidence to go to the jury. (*State v. Cooper,* 190 Kan. 101, 372 P. 2d 289; *State v. Gregory,* 191 Kan. 687, 383 P. 2d 965.) We have no hesitancy in saying there was ample evidence in this case to require the overruling of defendant's motion, and the trial court committed no error in so doing.

In his seventh specification of error, the defendant complains of remarks made in the state's argument to the jury. The basis of this complaint seems somewhat tenuous but its gist is that attention was called to the fact that there were two of everything—two men, two hats, two bags of money, two pairs of gloves and two guns— the inference being left, so the defendant avers, that one of the guns belonged to him. Although the record shows no objection made at the trial, and the point is not included in the motion for new trial, we have nevertheless carefully examined that part of the final argument which is abstracted, and we believe there is nothing shown which can be said to exceed the bounds of fair discussion. Our rule has long been that while counsel may not comment on facts outside the evidence in summing up a case to a jury, reasonable inferences may be drawn from the evidence and considerable latitude allowed in analyzation and emphasis. (*State v. Wilson,* 108 Kan. 433, 195 Pac. 618; *State v. Lopez,* 182 Kan. 46, 318 P. 2d 662.)

Lastly, the defendant specifies as error the overruling of his motion for new trial, assigning as a basis therefor the several alleged errors which we have already decided adversely to his contentions. Ordinarily, the granting or denial of a motion for new trial lies within the sound discretion of the trial court, and its ruling thereon will not be disturbed in the absence of a showing of an abuse of discretion or other manifest error. (*Henderson v. Kansas Power & Light Co.,* 188 Kan. 283, 289, 362 P. 2d 60.) No such showing has been made in this case.

We find no error to warrant a reversal and the judgment of the trial court is affirmed.