No. 44,309

State of Kansas, *Appellee,* v. David O. Holt, *Appellant.*

(419 P. 2d 834)

Opinion filed November 5, 1966.

*Jim Lawing,* of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Cliff W. Ratner* and *R. R. Barnes,* of Wichita, were with him on the brief for the appellant.

*Roy S. Fischbeck,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This is a direct appeal in a criminal action wherein the defendant, David O. Holt, was charged, tried and convicted by a jury in April 1965 of the crimes of statutory rape (K. S. A. 21-424) and incest (K. S. A. 21-906) with his fourteen-year-old daughter.

Although defendant was originally represented by counsel of his own choosing, Mr. Richard W. Moss was appointed and represented him throughout his trial. After conviction the defendant filed a motion for new trial, alleging numerous trial errors, which was overruled. He was then sentenced to the penitentiary for not less than one nor more than twenty-one years for statutory rape and not less than one nor more than seven years for incest, said sentences to run consecutively.

Thereafter the defendant, through court-appointed counsel, filed a notice of appeal in which he appealed only from the "judgment rendered and made in the above-entitled action on May 14, 1965," whereby the district court ordered the defendant to be taken to the state penitentiary to serve the respective sentences aforesaid. Notwithstanding his notice of appeal made no mention of the overruling of his motion for new trial and did not purport to appeal from that ruling, the defendant now, through his presently retained counsel, enumerates the following specifications of error: the trial

court erroneously (1) admitted testimony of certain witnesses, (2) restricted the cross-examination of the prosecutrix, (3) gave instruction No. 21, (4) gave instruction No. 23, (5) submitted verdict forms that were confusing to the jury, (6) denied the defendant's requested instruction, and (7) overruled defendant's motion for new trial.

It is readily apparent the first six specifications pertain only to trial errors (*State v. Carpenter*, 195 Kan. 162, 403 P. 2d 996, cert. den. 382 U. S. 948, 15 L. Ed. 2d 356, 86 S. Ct. 409; *State v. Aeby*, 191 Kan. 333, 381 P. 2d 356), all of which were encompassed in the motion for new trial presented to the trial court. Defendant, however, did not attempt to appeal from the order overruling his motion for new trial, although he did include such order as his seventh specification of error.

This court has long been committed to the rule that in order to obtain a review of alleged trial errors, an appellant is required to (1) appeal from the order overruling his motion for new trial and (2) specify such ruling as error. A few of our recent cases in which the rule has been restated and applied are *State v. Carpenter*, supra, *State v. Ryan*, 193 Kan. 672, 396 P. 2d 363, *State v. Adams*, 193 Kan. 523, 394 P. 2d 114, *State v. Marsh*, 193 Kan. 302, 392 P. 2d 953, cert. den. 380 U. S. 910, 13 L. Ed. 2d 797, 85 S. Ct. 895, *State v. Aeby*, supra, *State v. Mize*, 191 Kan. 129, 379 P. 2d 317.

The procedure followed by the appellant in *State v. Adams*, supra, presents a situation identical to that in the instant case. Therein are cited many of our previous decisions precisely on the point where the appellant, as here, failed to appeal from the order overruling his motion for new trial, and, despite that fact, specified the ruling as error. To these citations may be added *State v. Ryan*, supra.

We have not overlooked the fact that as part and parcel of defendant's argument on his first specification of error he contends the admission of the testimony of Wendell Cowan, a special agent of the KBI, and Donald Allegrucci, assistant county attorney, concerning an alleged confession by the defendant constituted a violation of his federal constitutional rights. Although the argument raises a claim involving a federal question, the matter is not before us because of the defendant's failure to comply with our well-defined rules of appellate procedure. In so applying these rules, we deny no federal right, because no federal question is presented to us for decision.

In *State v. Carpenter,* supra, it was stated:

"Where a defendant appeals from his conviction and judgment in a criminal action and attempts to raise matters relating to the admission or exclusion of evidence, such matters may be reviewed only where the appeal is from the order overruling the motion for a new trial and such ruling is specified as error, and the fact that a claimed federal right is presented does not preclude this court from refusing to decide the federal question and apply adequate and independent well-settled state rules relating to appellate procedure. Following *State v. Aeby,* 191 Kan. 333, 381 P. 2d 356." (Syl. ¶ 2.)

Also, see, *State v. Marsh,* supra.

We hold, therefore, that inasmuch as the defendant did not appeal from the order of the trial court overruling his motion for new trial, and his specifications of error relate only to trial errors as well as the aforesaid order, there is nothing before this court to review, and the judgment of the district court must be affirmed.

It is so ordered.