No. 44,514

State of Kansas, *Appellee,* v. Sidney E. Masarsk, alias Angelo Bonino, *Appellant.*

(422 P. 2d 557)

Opinion filed January 21, 1967.

*Robert G. Martin,* of Wichita, argued the cause and was on the brief for the appellant.

*R. K. Hollingsworth,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: Appellant, Sidney E. Masarsk, was found guilty by a jury on four charges of grand larceny under K. S. A. 21-533. Appellant was represented in the trial court by counsel of his own choosing. After sentence he filed notice of appeal *pro se* and he asked for appointment of counsel. Counsel was appointed.

Because of the ultimate disposition of this appeal a brief statement of facts will suffice. On successive nights five motels in Wichita, Kansas, reported the theft of television sets and articles of bedding. In each instance the appellant was identified as having registered at the motels and as having been assigned the rooms from which the television sets were taken. In three different instances he registered under the name of J. F. Beasley. Appellant was bound over to district court after preliminary hearings. An information was filed against him in one case charging the theft of television sets from three different motels under three separate counts. A second information was filed against him in another case charging a similar theft from one additional motel. On motion of the State, over objection of the appellant, the two cases were consolidated for trial. The trial court determined that the same plan or design was em-

ployed in each instance to obtain the television sets. (See *State v. Aspinwall,* 173 Kan. 699, 252 P. 2d 841.) During the trial a certified court reporter who had reported the preliminary hearing was permitted to read the testimony of an absent witness when it was shown that this witness could not be located after diligent effort by the prosecution. (See *State v. Guthrie,* 192 Kan. 659, 391 P. 2d 95.) Additional testimony of a similar offense by appellant was admitted in evidence even though he was not being tried thereon, and the court admitted the same to show plan of operation and identity of the accused. (See *State v. Darling,* 197 Kan. 471, 419 P. 2d 836.) The appellant objected to one of the court's instructions wherein the word "wrong" was used in defining felonious intent. The appellant's abstract fails to set out the instructions given to the jury. (See *State v. Hazen,* 176 Kan. 594, 272 P. 2d 1117.) At the trial the appellant took the stand and admitted renting the motel rooms but stated he was the "fall guy" for others who took the television sets. He testified that after renting the rooms he sold the keys to others for $10.00 each but did not suspect they were being used for felonious purposes. He refused to divulge the identity of the people to whom he gave the keys because he feared for his life.

We find no error in the rulings of the trial court but the specifications of error are not properly before us for review. The appellant did not specify as error the ruling of the trial court overruling the motion for new trial. Nothing appears in the record to indicate the specific errors presented on motion for new trial other than three general statements set forth in the motion for new trial. In the motion for new trial the appellant stated (1) the court has admitted illegal testimony, (2) the court misdirected the jury and (3) the verdict was contrary to the law and the evidence.

Our rule relating to criminal procedure under chapter 62 of K. S. A. and the case law which has evolved therefrom require that trial errors must be presented to the trial judge on a motion for new trial before attacking the judgment on appeal. This enables a trial judge to carefully consider any alleged trial errors which may have occurred during the heat of trial after the pressure has subsided and with the assistance of adequate citations of authority by trial counsel. It is not uncommon under such circumstances for a new trial to be ordered thus saving time and expense of appeal. This rule was adequately set forth in *State v. Teter,* 180 Kan. 219, 303 P. 2d 164. It is supported by many prior authorities and has been followed by subsequent decisions of this court.

Certain changes were wrought after our code of civil procedure was passed in 1963. It is no longer necessary in civil cases to appeal from and specify as error the ruling of the trial court on motion for new trial. (See Rule No. 6 [d], 194 Kan. xiv.) However, no similar change was made in criminal procedure. (See Prefatory Rule No. 1 [f], 194 Kan. xii.)

The abstract of appellant fails to delineate the specific errors presented to the trial court on the motion for new trial. We are not able to determine whether the trial court was given the opportunity to reexamine the alleged trial errors set forth in appellant's specifications of error.

We have repeatedly held that appellant is required not only to appeal from the order overruling the motion for new trial but also to specify the ruling on this motion as error if he desires to obtain a review of alleged trial errors. This procedural rule still applies in criminal cases. (*State v. Holt*, 197 Kan. 468, 419 P. 2d 834; *State v. Carpenter*, 195 Kan. 162, 403 P. 2d 996, cert. den. 382 U. S. 948, 15 L. Ed. 2d 356, 86 S. Ct. 409; *State v. Ryan*, 193 Kan. 672, 396 P. 2d 363; *State v. Marsh*, 193 Kan. 302, 392 P. 2d 953, cert. den. 380 U. S. 910, 13 L. Ed. 2d 797, 85 S. Ct. 895; *State v. Aeby*, 191 Kan. 333, 381 P. 2d 356; *State v. Mize*, 191 Kan. 129, 379 P. 2d 317.)

The appellant in the present criminal case filed notice of appeal indicating the appeal was to be based upon the order overruling motion for new trial. Over a year later when appellant's abstract was filed he omitted from his specifications of error the ruling on the motion for new trial. Appellant's failure to include the order overruling motion for new trial in his specifications of error precludes a review of trial errors. (*State v. Marsh*, supra.)

All five of the specifications of error relate to trial errors. The first three concern admission of evidence, the fourth relates to a definitive instruction given by the court and the fifth states the verdict was contrary to the law and evidence. All five specifications fall in the category of trial errors under the various decisions of this court including *State v. Aeby*, supra. The rationale of this rule with supporting citations is set forth in *State v. Aeby*, supra. We see no reason for reiterating what was therein stated.

The appellant seeks to predicate error upon procedural trial matters. It does not appear that these were presented to the trial judge on motion for new trial. Appellant has not complied with our rule of criminal procedure which requires him not only to appeal from

the order overruling the motion for new trial but also to specify the court's ruling thereon as error.

Appellant seeks relief based upon failure of the State to comply with trial procedure. He is denied relief based upon his own failure to comply with appeal procedure. Such noncompliance with the rule precludes an examination into the merits of these alleged trial errors.

The judgment of the trial court is affirmed.