No. 43,356

THE STATE OF KANSAS, *Appellee*, v. CLARENCE S. COX, *Appellant*.

(380 P. 2d 316)

Opinion filed
April 6, 1963.

Appellant was on the brief *pro se*.

*Leighton A. Fossey*, County Attorney, argued the cause, and *William M. Ferguson*, Attorney General, and *Robert E. Hoffman*, Assistant Attorney General, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: Defendant, Clarence S. Cox, has appealed from his conviction of the offense of larceny of an automobile, which occurred on October 21, 1961.

Upon being apprehended in the state of Texas, with the car in his possession, he was returned to Linn county. Local counsel was appointed to represent him. The district court's attention was called to the fact that a contention was being made by defendant to the effect that due to his mental condition he was unable to comprehend his position and to aid in his defense. Accordingly, under the provisions of G. S. 1949, 62-1531, a commission of doctors was appointed to conduct an examination of him. As a result of the commission's examination and report, defendant was adjudged to be unable to stand trial, and, pursuant to the provisions of the mentioned statute, was committed to the Larned State Hospital on January 8, 1962, for evaluation and treatment. On February 22, 1962, the superintendent of that institution advised the court that, after intensive efforts to help defendant, it was felt that he had recovered to the point where he was able to understand his position and to be of assistance in his defense, and it was recommended that defendant be returned to the court for trial. Accordingly, he was returned to Linn county, and on March 30, 1962, was placed on trial.

Highly summarized, the evidence showed the following:

Defendant was 39 years old and a resident of Linn county. On the day in question he had been hanging around the office of an

automobile agency adjacent to a used car lot. He was acquainted with the persons in charge and appeared to them to be "normal." Early that evening he took the car in question and drove to his home and picked up his suitcase. He drove to a town in Missouri and stopped to buy gasoline. He apprised the filling station attendant that he was indebted to the station in the sum of two dollars for gasoline previously purchased. He gave the attendant a check to cover his purchase and the old bill. There was some evidence to the effect that on the day in question defendant had been drinking. In any event, he next showed up in the state of Arkansas—still driving the car. He realized the car had no license tag and so placed on it a tag which had been issued to him and which he was carrying in his suitcase. He then proceeded into the state of Texas, and when he noticed that he was being followed by a patrol car he decided he was "going back home." He subsequently was returned to Linn county.

At no time, either before or during his trial, did defendant deny taking the automobile—in fact, he admitted it. His entire defense appears to be that at the time of the commission of the offense he was insane—and therefore not guilty by reason of insanity. Some evidence was introduced to the effect that on various occasions defendant had been "emotionally disturbed." There also was evidence to the effect that on the date of the theft he appeared to be "normal."

Throughout the trial defendant was represented by capable court-appointed counsel. After hearing all of the evidence the jury found him guilty as charged.

In his appeal, *pro se*, defendant's contentions appear to be that the court lacked jurisdiction to try him for the reason that he had been adjudged to be insane, and that his motion for a new trial was erroneously overruled because the evidence amply sustained his contention that he was insane at the time of the commission of the offense.

Neither of these contentions is sustained by the record.

As to the first proposition, it is clear that the court followed the provisions of G. S. 1949, 62-1531, with respect to placing defendant on trial. After undergoing treatment at the Larned State Hospital he was, upon the findings and recommendation of the superintendent of that institution, returned to Linn county as being able

to stand trial. For a discussion of matters pertaining to the question see *State v. Severns,* 184 Kan. 213, 336 P. 2d 447.

As to the matter of his sanity at the time of the commission of the offense, the rule is that the question is one for determination by the jury trying the case (*State v. Hickock & Smith,* 188 Kan. 473, 481, 363 P. 2d 541). See also *State v. Penry,* 189 Kan. 243, 368 P. 2d 60. The instructions are not abstracted and we therefore must assume that the jury was fully and properly instructed on all matters in issue, including the defense of insanity at the time of the commission of the offense (G. S. 1949, 62-1532). In fact, the record affirmatively shows that defendant's counsel agreed that the instructions were proper and made no objection thereto. By its verdict of guilty it is evident the jury placed no credence in defendant's contention that he was insane when the offense was committed.

We find no error in the record and the judgment is affirmed.