No. 43,356

The State of Kansas, *Appellee,* v. Clarence S. Cox, *Appellant.*

(396 P. 2d 326)

Opinion filed November 7, 1964.

*Harry C. Blaker,* Pleasanton, argued the cause and was on the brief for the appellant.

*Leighton A. Fossey,* County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, and *Robert E. Hoffman,* Assistant Attorney General, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: Defendant was convicted in the district court of Linn county of the offense of larceny of an automobile. Throughout his trial he was represented by M. K. Hoag of the Linn county bar, court appointed counsel.

Defendant appealed—*pro se,* contending that the trial court was without jurisdiction to try him because he had been adjudged to be insane, and that his motion for a new trial was erroneously overruled because the evidence amply sustained his contention that he was insane at the time of the commission of the offense.

This court affirmed—see *State v. Cox,* 191 Kan. 326, 380 P. 2d 316, and supplemental opinion at 191 Kan. 456, 381 P. 2d 704.

Notwithstanding the fact defendant had not requested the appointment of counsel to represent him in the appeal to this court, the Supreme Court of the United States on February 17, 1964, granted his petition for a writ of certiorari and vacated the judgment of this court and remanded the case "for further consideration in light of *Douglas v. California,* 372 U. S. 353, 9 L. ed. 2d 811,

83 S. Ct. 814, and *Daegele v. Kansas,* 375 U. S. 1, 11 L. ed. 2d 44, 84 S. Ct. 89." (376 U. S. 191, 11 L. ed. 2d 603, 84 S. Ct. 637.)

Construing the foregoing order of the Supreme Court of the United States as meaning that defendant's appeal should be reinstated and counsel appointed to represent him, this court, on March 31, 1964, entered an order reinstating the appeal and directing the district court of Linn county forthwith to appoint counsel to represent him in such appeal so reinstated. (Prefatory Rule No. 1 *(f),* 191 Kan. XII.)

Pursuant to that order Harry C. Blaker of the Linn county bar, was appointed. Mr. Blaker filed an abstract and brief and appeared upon oral argument of the appeal.

Although four specifications of error are urged—they present only two questions.

It is contended that defendant's constitutional rights were violated in that he was denied due process of law because of the fact he was not represented by counsel at his preliminary examination, and that under the rule of *Gideon v. Wainwright,* 372 U. S. 335, 9 L. ed. 2d 799, 83 S. Ct. 792, 93 A. L. R. 2d 733, he was entitled to "the guiding hand of counsel at every step in the proceedings against him."

The purpose and function of a preliminary examination for one charged with a felony under the laws of this state has been discussed in many of our decisions. Its purpose is to determine whether an offense has been committed and whether there is probable cause for charging a defendant with the commission thereof. It is not a "trial" in the ordinary sense of the word, and neither is it a trial in the sense that one may be found "guilty." A defendant is bound over for trial only when the state establishes that an offense has been committed and that there is probable cause for charging him with its commission—otherwise he is to be discharged. A defendant has the right to be assisted by counsel at a preliminary examination, but there is no statute requiring the appointment of counsel in such a proceeding, and it has been held many times that failure to appoint counsel at a preliminary examination is not error. (*State v. Daegele,* 193 Kan. 314, 316, 393 P. 2d 978, and cases cited in the opinion.)

In *State v. Latham & York,* 190 Kan. 411, 375 P. 2d 788, (cert. den. 373 U. S. 919, 10 L. ed. 2d 418, 83 S. Ct. 1310), the conviction of defendants of murder in the first degree and imposition of the

death sentence was upheld. They subsequently petitioned for federal habeas corpus. It was denied. On appeal to the United States Court of Appeals, Tenth Circuit, it was contended they were entitled to have counsel appointed for them prior to their preliminary examination, and reliance was had on the Gideon case, above. The contention was rejected, and in the course of the opinion the court commented that the Gideon case concerned the right of an accused to counsel at trial—not at a preliminary examination. (*Latham v. Crouse,* 320 F. 2d 120, 122, cert. den. 375 U. S. 959, 11 L. ed. 2d 317, 84 S. Ct. 449.)

In the case before us the record does not show that defendant even requested that counsel be appointed to represent him at his preliminary examination, and no claim is made that at his trial evidence was introduced with respect to his testimony at his preliminary examination. In fact, the record is devoid of any showing that defendant's rights were in any way prejudiced by the fact he was not represented by counsel at his preliminary examination. His contention with respect thereto, now urged in this appeal, is held to be without merit.

Defendant's other contention is that the trial court erred in placing him on trial after commitment to the state hospital for the insane pursuant to G. S. 1949, 62-1531, without a finding that he had "recovered." As related in our former opinion—pursuant to the mentiond statute defendant was committed to the Larned State Hospital for evaluation and treatment. The superintendent of that institution subsequently advised the court that defendant had recovered to the point where he was able to understand his position and to be of assistance in his defense, and it was recommended that he be returned to the court for trial.

Questions pertaining to the procedure under the statute and to the ability of a defendant to stand trial are discussed at length in *State v. Severns,* 184 Kan. 213, 336 P. 2d 447, in which it was held:

"The test of insanity of an accused precluding his being put on trial for a criminal offense is his capacity to comprehend his position, understand the nature and object of the proceedings against him and to conduct his defense in a rational manner." (Syl. 2.)

"If the defendant in a criminal action is capable of understanding the nature and object of the proceedings pending against him, if he rightly comprehends his own condition with reference to such proceedings, and can conduct his defense in a rational manner, he is, for the purpose of being tried, to be deemed

sane, although on some other subject his mind may be deranged or unsound." (Syl. 3.)

In the instant case it is clear that in all respects the trial court complied with the provisions of G. S. 1949, 62-1531. The record further shows that at his trial defendant made no contention that he was mentally unable to stand trial.

No error being shown—the judgment is affirmed.