No. 45,012

CLARENCE STEPHEN COX, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(433 P. 2d 470)

Opinion filed November 13, 1967.

*Oliver D. Rinehart,* of Paola, argued the cause and was on the brief for the appellant.

*Leighton A. Fossey,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: Petitioner appeals from an order denying relief in a proceeding filed under K. S. A. 60-1507.

Two direct appeals from petitioner's conviction in the district court of Linn county of the offense of larceny of an automobile have been before this court.

The first is found at *State v. Cox,* 191 Kan. 326, 380 P. 2d 316, (supplemental opinion, 191 Kan. 456, 381 P. 2d 704) cert. allowed, 376 U. S. 191; 11 L. ed. 2d 603, 84 S. Ct. 637.

The second is found at *State v. Cox,* 193 Kan. 571, 396 P. 2d 326, cert. denied, 380 U. S. 982, 14 L. ed. 2d 276, 85 S. Ct. 1350.

The background of this matter, and the facts of the offense, trial and conviction are related in our previous decisions and are incorporated herein by reference. There is no occasion to repeat.

Subsequent to the denial of certiorari on April 26, 1965, by the Supreme Court of the United States, petitioner filed a petition for a writ of habeas corpus in the United States District Court for the District of Kansas. In that petition his grounds for relief were that his conviction was void because he was required to stand trial while under an adjudication of insanity; that his constitutional rights were violated in that he was denied counsel at his preliminary examination, and that during the 40-day period he was held in jail without the assistance of counsel he underwent interrogation by an agent of the Kansas Bureau of Investigation who procured from

him a statement or confession—in violation of his rights under the *Escobedo* rule of the Supreme Court of the United States.

In a memorandum decision dated October 11, 1965, the federal court held that exhaustion of state remedies by a state prisoner is a prerequisite to federal habeas corpus relief, and found that petitioner had not raised the *Escobedo* argument in either of his appeals and had not presented that argument or any other argument to the sentencing court under K. S. A. 60-1507.

Accordingly, petitioner's application for a writ was dismissed.

Relief in the federal court thus being denied, petitioner, on February 18, 1966, filed this proceeding for relief in the district court of Linn county under K. S. A. 60-1507. In lieu of a statement of the grounds upon which he based his allegations that he was being held in custody unlawfully, petitioner attached to his motion a copy of the decision of the federal court.

The district court appointed counsel, and a full evidentiary hearing was held—with petitioner present. He testified in his own behalf, but called no witnesses. The court had before it the files and records of the original trial.

Following the hearing the court prepared and filed detailed findings. With respect to the contentions that petitioner's conviction was void because he was required to stand trial while under an adjudication of insanity and that his constitutional rights were violated because he was denied counsel at his preliminary examination, the court held—and correctly so—that both contentions had been decided adversely to him in the second direct appeal to this court.

As to petitioner's third contention, the court found from the record that at the time he made the statement in question he was fully advised of his rights and that anything he said might be used against him; that such statement was freely and voluntarily made; that it was admitted at the trial without objection, and that the only evidence indicating any "irregularity" in the taking of the statement was the uncorroborated testimony of petitioner—which was insufficient to sustain the burden of proof under Rule No. 121 (*g*) of this court.

In addition—the court called attention to the fact that petitioner's trial was in 1962—two years prior to the *Escobedo* decision. (On this point—see *Addington v. State,* 198 Kan. 228, 233, Syl. 2, 424 P. 2d 871).

Relief was denied—and this appeal followed.

With the exception of the *"Escobedo"* contention—it is clear that all arguments now made in this appeal have been answered adversely to petitioner in the two direct appeals to this court. As above stated—in this 60-1507 proceeding the district court found that the statement in question was freely, knowingly and voluntarily given by petitioner on the day after his arrest. Such finding is fully supported by the record. In *State v. Brown*, 198 Kan. 473, 476, Syl. 2, 426 P. 2d 129, it was held that a defendant's confession made during pretrial interrogation by law enforcement officers is not rendered inadmissible solely because it was made at a time when he did not have counsel. As was said at page 327 of our opinion in the first appeal—at no time, either before or during his trial, did petitioner deny taking the automobile—he admitted it—and his entire defense appeared to be that at the time of the commission of the offense he was insane—and therefore not guilty by reason of insanity. That contention was answered by the jury.

Examination of the record discloses nothing to warrant relief in this proceeding. The judgment is affirmed.