No. 45,107

HARRISON JOLLY, *Appellant*, v. THE STATE OF KANSAS, *Appellee.*

(434 P. 2d 547)

Opinion filed December 9, 1967.

*James Yates,* of Kansas City, argued the cause and was on the brief for the appellant.

*William L. Roberts,* Assistant County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Frank D. Menghini,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: This appeal is from an order denying relief in a proceeding under K. S. A. 60-1507.

In December 1964 petitioner was convicted of the offense of robbery in the first degree. He appealed. The judgment was affirmed. See *State v. Jolly,* 196 Kan. 56, 410 P. 2d 267.

While confined in the penitentiary under the sentence imposed petitioner filed in the district court of Wyandotte county a petition to set aside the sentence under K. S. A. 60-1507. In his petition he stated that all except the first four of his grounds for relief had been presented to this court in the appeal from his conviction.

An evidentiary hearing was held in April 1967. Petitioner was present in person and by counsel who had represented him in the appeal. Petitioner testified, but called no other witnesses. At the conclusion of the hearing the district court held that contentions answered by this court in the appeal were not subject to review. As to contentions not presented in the appeal the court found and held that from the record and petitioner's own testimony the evidence was insufficient to warrant the granting of relief—and denied the petition.

This appeal followed.

In his brief counsel for petitioner argues eleven points—with emphasis on point five relating to the admission of petitioner's alleged confession. Examination of this court's opinion in the appeal

shows that the last seven of the eleven contentions now made in this proceeding were answered adversely to petitioner in that appeal —*including* that with respect to the alleged confession. Notwithstanding that a proceeding under K. S. A. 60-1507 is not to be used as a substitute for a second appeal (*Brown v. State,* 198 Kan. 527, Syl. 1, 426 P. 2d 49), we have reexamined our former decision and adhere to what was there said and held with respect to those seven contentions.

And, again—notwithstanding that a proceeding such as this is not to be used as a substitute for a second appeal—we note the first four points now urged and which appear not to have been covered in the appeal from the judgment of conviction.

The first has to do with the alleged prejudice of the judge who tried the criminal charge, and concerns the manner of petitioner's incarceration during recesses and adjournments in the course of the trial. Other than petitioner's own uncorroborated statements— which, under Rule No. 121 (*g*) and numerous decisions of this court—are insufficient to sustain the burden of proof, there is nothing in the record to support the contention, and it is found to be without merit.

In his second point petitioner contends that during his trial he was under the influence of drugs and narcotics—taken to relieve the pain resulting from his gun-shot wounds—to such an extent that he was unable to give proper assistance to his counsel in defending himself. Again, as with the preceding point—this contention is completely uncorroborated, and there is nothing in the record to establish that during the trial petitioner was under any disability whatsoever. The contention is not sustained.

Petitioner's third contention relates to the fact that he is a negro —that thirty percent of the population of Wyandotte county is negro —but that no negro sat on his jury. One answer to this point is that the record is silent on the matter, and there is absolutely nothing to indicate that the jury panel summoned in this case did not reflect a true cross-section of the community. As to this matter petitioner simply has not sustained his burden of proof, and the contention is not sustained.

Finally—it is contended that during his trial petitioner was inadequately represented by counsel. This is a familiar complaint, and has been dealt with in a number of decisions of this court (*State v. Calhoun,* 194 Kan. 378, 399 P. 2d 886; *Smith v. State,* 199 Kan.

293, 294, 429 P. 2d 103). It is sufficient to say, that—measured by the standards mentioned in those and other decisions of this court —the claim of inadequate representation is groundless and is not sustained.

In conclusion—the record establishes that throughout all proceedings—the preliminary examination—trial—appeal—this proceeding to set aside the sentence—and this appeal from the denial of relief—petitioner was represented by capable and competent counsel. There is nothing in the record of the first appeal—or in this appeal—to establish that petitioner's rights were in any way prejudicially affected.

No error has been made to appear, and the judgment denying the motion to set aside the sentence is affirmed.