Davⁱᴅ O. Holt, *Appellant,* v. State of Kansas, *Appellee.*

(451 P. 2d 221)

Opinion filed March 8, 1969.

*Jim Lawing,* of Wichita, argued the cause and was on the briefs for the appellant.

*Darrell G. Mitchel,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal by petitioner, David O. Holt, from an order of the district court denying relief in a proceeding instituted pursuant to K. S. A. 60-1507. Petitioner was charged, tried and convicted of the crimes of statutory rape (K. S. A. 21-424) and incest (K. S. A. 21-906) in April 1965. The convictions and sentences were affirmed by this court in *State v. Holt,* 197 Kan. 468, 419 P. 2d 834, for the reason defendant there (petitioner here) had failed to appeal from the order of the trial court overruling his motion for a new trial. Since the specifications of error related only to trial errors there was nothing before this court for review. The long-standing rule which determined the holding has since been abrogated by this court as to subsequent appeals in criminal proceedings by the adoption, on June 27, 1968, of Rule No. 17 (Rules of the Supreme Court, 201 Kan. xxvii) pertaining to Appellate Practice before this court.

This appeal involves proceedings instituted in January 1968 by petitioner while confined in the Kansas State Penitentiary. Petitioner appeared by his counsel and the state by the assistant county attorney at the hearing before the trial court. The personal presence of petitioner was found to be unnecessary by the trial court, and the issues were resolved from the record of the jury trial and the arguments of respective counsel. Essentially, the basis of the trial court's ruling was that petitioner sought only a review of trial errors in his motion.

On appeal petitioner makes two principal contentions.

First, petitioner insists that his constitutional rights under the Fifth, Sixth and Fourteenth Amendents to the Constitution of the United States were violated by the trial court's admission of an oral confession obtained from him under circumstances hereafter related.

Second, petitioner contends that he was denied due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States when the trial court permitted the assistant county attorney to participate in the prosecution, after he had testified concerning events surrounding petitioner's oral confession at a hearing in chambers. He later appeared as a rebuttal witness for the state.

Petitioner's first contention arises from circumstances surrounding his alleged confession following his submission to a polygraph test. The trial court in conformity with *State v. Seward,* 163 Kan. 136, 181 P. 2d 478, convened an in chambers hearing to consider the voluntariness of the confession. A complete transcript of the in chambers hearing is included in the record. There is no conflict in the evidence as to the circumstances surrounding the taking of petitioner's confession. The evidence consists of the testimony of Donald Allegrucci, the assistant county attorney, and that of Wendell Cowan, a special agent for the Kansas Bureau of Investigation.

According to Allegrucci, he and, petitioner's retained counsel, Walter McGinnis agreed to terms under which petitioner would take a polygraph or "lie detector test." In substance the agreement was that if petitioner "passed" the polygraph test charges against him would be dismissed and if he "failed" a plea of guilty would be entered.

Pursuant to this agreement petitioner appeared in the county attorney's office on the afternoon of November 13, 1964. Petitioner was escorted to a nearby room by agent Cowan for a "psychological preparation," prior to the administration of the polygraph examination. The preparation and examination extended over a period of about two hours. After the examination was completed, Cowan took petitioner back to the county attorney's office for the purpose, as Cowan testified, "to turn him over to somebody." Cowan had told petitioner at the conclusion of the examination to "tell the County Attorney the truth." When Cowan and petitioner returned to the office of the assistant county attorney, Allegrucci, Cowan announced that petitioner had something to say.

The scene was described by Allegrucci who testified as follows:

"A. After he came into my office? Yes. He came in, Mr. Cowan and the defendant Mr. Holt came into my office. After they came in Mr. Holt took a chair directly in front of my desk. Mr. Cowan made the statement to me, I can't quote verbatim but it was something to the effect that 'I believe Mr. Allegrucci that Mr. Holt has something to say to you.' Mr. Cowan then sat down. I have a row of chairs on the right hand side facing the wall. Mr. Cowan took the second seat along the wall, Mr. Holt sat in front of me. I looked at Mr. Holt and he looked, I can't say it seemed like a long time passed. I would guess fifteen or twenty minutes finally Mr. Holt said

(testimony interrupted by an objection)

"A (continuing) Mr. Holt looked at me and he said 'I did it.' I looked at him and I said 'You did what?' And there was another pause and he repeated 'I did it.' "

Allegrucci then asked petitioner a series of questions, the answers to which amounted to a confession by petitioner which was testified to at the trial by Cowan and Allegrucci.

It is conceded that prior to this interrogation petitioner did not receive any warning as to the effect of his statements by either Allegrucci or Cowan. Allegrucci made no effort to notify petitioner's attorney that petitioner was in his office and apparently desirous of making a statement or confession. Allegrucci further testified that he did not know whether McGinnis knew his client was present for the purpose of making an oral confession. Allegrucci saw no need to call McGinnis because petitioner was present with the consent of McGinnis.

After the interrogation by Allegrucci petitioner was permitted to leave, and he was advised by Allegrucci to go across the street to his attorney's office and tell him what he had said in response to his (Allegrucci's) interrogation.

Following the polygraph test and interrogation of petitioner, on November 13, 1964, a preliminary hearing was had and petitioner was bound over for trial. The trial in district court was set for April 1965. In the meantime petitioner's retained counsel determined that a conflict of interest on his part might arise if he were to continue to defend petitioner, since his son was acting county attorney at the time charges were filed against petitioner. As a result, Mr. McGinnis withdraw as petitioner's counsel and Richard Moss was appointed to defend petitioner in district court.

At the trial petitioner's counsel (Moss) vigorously objected to the admission of petitioner's confession. At the conclusion of the in chambers hearing, the trial court ruled that the interrogation of petitioner by Allegrucci was not a part of the polygraph examination and that the answers given by petitioner were voluntary and admissible through the testimony of Cowan.

The court's concern that petitioner's answers must not be a part of the polygraph test was justifiable. Evidence of the results of a lie detector test is inadmissible. (*State v. Emory,* 190 Kan. 406, 375 P. 2d 585, and *State v. Lowry,* 163 Kan. 622, 185 P. 2d 147.) The real issue here, however, is not whether the polygraph test had been entirely completed but whether the circumstances surrounding the following interrogation, resulting in petitioner's confession, met the constitutional requirements of voluntariness.

The trial proceeded and Cowan testified as to statements made by petitioner to Allegrucci. Petitioner's counsel renewed his objections.

Following petitioner's evidence Allegrucci, at the insistence of the trial court, withdrew as prosecuting counsel and took the stand as a rebuttal witness for the state. Allegrucci corroborated the testimony of Cowan as to the statements made by petitioner in the county attorney's office following the polygraph test.

Before proceeding with points raised by petitioner, we pause to consider the state's contention that the question raised by petitioner is not reviewable in these proceedings because it involves a trial error only reviewable by direct appeal. (*King v. State,* 200 Kan. 461, 436 P. 2d 855.) As a proposition dealing with trial errors, under ordinary circumstances, the state's position is correct and in accord with Rule No. 121 (*c*) (3) (Rules of the Supreme Court, 201 Kan. _____). We have held repeatedly that a proceeding under K. S. A. 60-1507 cannot ordinarily be used as a substitute for a second appeal. (*Jolly v. State,* 200 Kan. 202, 434 P. 2d 547 and *King v. State,* supra.) However, Rule No. 121 (*c*) (3) further provides:

". . . Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal."

In the instant case the trial error claimed, concerning the admission of petitioner's confession, affected his constitutional rights and we believe the conditions existing fall within the exceptional circumstances contemplated in Rule No. 121 (*c*) (3).

With respect to petitioner's second point on appeal, this court has condemned as bad practice the participation by an attorney in the trial of a case, either criminal or civil, when he is called as a witness. (*Protheroe v. Davies,* 149 Kan. 720, 89 P. 2d 890, and *State v. Ryan,* 137 Kan. 733, 22 P. 2d 418.) The error claimed is not reviewable under our Rule No. 121 and further comment is not required.

We turn then to the merits of the question posed by petitioner's first point. Petitioner concedes the mandate of *Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 694, 86 S. Ct. 1602, 10 A. L. R. 3d 974, with respect to the constitutional requirements for admission of a confession in a criminal action is not applicable since the trial in this case occurred prior to the announcement of that decision. *Miranda*

has only prospective application. ( *State v. Weinman,* 201 Kan. 190, 440 P. 2d 575, and *Hensley v. State,* 199 Kan. 728, 433 P. 2d 344.) Petitioner argues that even though the rules set forth in *Miranda* are not applicable his confession was secured by unconstitutional means. He points out that the state has failed to allege or prove that he was advised of his right to remain silent or warned that what he said might be used against him, or informed that he was entitled to the presence of his counsel. He further asserts that the state does not allege or prove that any of such rights were affirmatively waived. Petitioner cites *Clewis v. Texas,* 386 U. S. 707, 18 L. Ed. 2d 423, 87 S. Ct. 1338; *Davis v. North Carolina,* 384 U. S. 737, 16 L. Ed. 2d 895, 86 S. Ct. 1761; *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, and *Carnley v. Cochran,* 369 U. S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884.

We shall first consider what this court has had to say concerning the subject. Long before the declarations in *Escobedo* and *Miranda* this court said in *State v. Seward,* supra:

"A confession is inadmissible unless accused was advised of his rights under the law and it is shown the confession was made voluntarily. . . ." (p. 144.)

In that case the burden of proof was declared to be upon the state to show that the confession offered was the voluntary act of the accused. It was further held that the question as to whether a confession had been voluntarily made should first be determined by the court in the absence of the jury and, if found to be voluntarily made and admissible, it could then be submitted to the jury under proper instructions. Many cases dealing with the subject were reviewed in the recent case of *State v. Milow,* 199 Kan. 576, 433 P. 2d 538, and the tests to be applied, in determining the admissibility of a confession, were stated as follows:

"Where a person is on trial for a crime, evidence of a confession of guilt of the crime previously made by such person is in general not admissible unless it appears that the confession was entirely voluntary. If such confession is made while the party is under arrest or charged with a crime, evidence of the confession is not admissible on the trial unless it is made to clearly appear that the party was fully advised of his rights, and that after being so advised, the confession of guilt was freely and voluntarily made under circumstances that afforded no undue influence in procuring the confession. Furthermore, the burden of proof is upon the state to show that any confession of a crime by the accused was freely and voluntarily made *before the confession is admissible in evidence.* . . ." (p. 583.)

Where there is a conflict in the testimony of the defendant and that produced by the state, as to the voluntary character of a

confession, it is to be determined like any other question of fact, and while a finding by the trial court is open to review, since it has a much better opportunity to ascertain the truth than that afforded by the reviewing court, its conclusion if supported by substantial competent evidence cannot be disturbed. (*State v. Hayes*, 106 Kan. 253, 187 Pac. 675.) Where there is a genuine conflict of evidence, great reliance must be placed upon the finder of fact. (*Andrews v. Hand*, 190 Kan. 109, 372 P. 2d 559, cert. den. 371 U. S. 880, 9 L. Ed. 2d 117, 83 S. Ct. 152, and *Blackburn v. Alabama*, 361 U. S. 199, 4 L. Ed. 2d 242, 80 S. Ct. 274.)

In the instant case there are no conflicting claims as to the circumstances surrounding the confession. The testimony of the assistant county attorney (Allegrucci) reveals that when petitioner was confronted, after the polygraph examination, Allegrucci and petitioner sat silently, facing each other across the table for a period of fifteen to twenty minutes. Petitioner finally said "I did it" and Allegrucci immediately commenced interrogation. Relying entirely on the fact that petitioner's counsel had agreed to the polygraph examination, the state candidly admits that even though agent Cowan had announced that petitioner had something to say, no effort was made to contact petitioner's counsel, whose office was just across the street.

Petitioner, at the time of the trial, was a forty-six-year-old farmer with an eighth grade education. He had never before employed the services of an attorney. Assuming that petitioner had been previously advised of his rights by his retained counsel, we are unable to say that his confession, after a two hour polygraph examination followed by a fifteen to twenty minute silent confrontation with the assistant county attorney, was obtained by constitutional means.

While this court has said a confession is not rendered inadmissible solely because it was made at a time when defendant did not have counsel (*State v. Weinman*, supra, and *Cox v. State*, 199 Kan. 797, 433 P. 2d 470, and *Powers v. State*, 194 Kan. 820, 402 P. 2d 328), it must be made to appear that accused was fully advised of his rights. (*State v. Milow*, supra, and cases cited therein.)

The most that can be said of the state's position here is that petitioner's counsel agreed to a polygraph test and to proceed according to the results thereof. There is no contention that the agreement included submission to the subsequent confrontation and

interrogation in the absence of petitioner's counsel. Nor is any showing made from which a waiver by petitioner of the presence of his counsel could be inferred. Instead of advice that he was entitled to the presence of his counsel and as to his other rights, petitioner was met with a silent confrontation with the assistant county attorney and agent Cowan. Coercion in obtaining a confession from an accused can be mental as well as physical. (*State v. Milow,* supra, and *Jackson v. Denno,* 378 U. S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A. L. R. 3rd 1205.)

As pointed out in *State v. Milow,* supra, the range of inquiry is broad and a trial court must consider the totality of the circumstances in making a determination on the voluntariness of a confession. (See, also, *Andrews v. Hand,* supra, and *Clewis v. Texas,* supra.)

On the totality of the circumstances, as shown by the undisputed evidence, as a matter of law petitioner's confession did not meet the constitutional standards of voluntariness and its use as evidence against petitioner deprives him of due process of law.

Under the circumstances present, the matter was a proper subject for review in a 60-1507 proceeding. The trial court erred in not granting relief on petitioner's motion by vacating and setting aside the judgment and sentence and directing a new trial in which evidence of petitioner's purported confession is excluded.

The judgment is reversed and the cause remanded to the district court for further proceedings in harmony with this opinion.