No. 45,528

David L. Morris, Sr., *Appellant*, v. State of Kansas, *Appellee*.

(452 P. 2d 840)

Opinion filed April 12, 1969.

*Francis F. Blundon,* of Marysville, argued the cause and was on the briefs for the appellant.

*Keith W. Sprouse,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Kaul, J.: Petitioner appeals from an order denying relief in a proceeding brought under K. S. A. 60-1507.

The issue on appeal centers on the admission of petitioner's statement into evidence during his jury trial.

On August 24, 1964, petitioner was arrested and charged on two counts of statutory rape. After his arrest, petitioner was taken to the county attorney's office where he was informed as to his constitutional rights. The county attorney discussed the charges with petitioner, who was then confined in the county jail. The following morning petitioner asked to see the county attorney again. He was taken by the undersheriff to the county attorney's office and, after being advised of his rights, made the statement in question. The county attorney typed the statement then handed it to petitioner who read and signed it.

The record discloses that petitioner waived a preliminary hearing and was bound over for trial in the district court.

On September 8, 1964, petitioner appeared before the district court and present counsel was appointed. A plea of not guilty was entered and the case was set for jury trial on September 21, 1964.

During the course of the trial the state offered petitioner's state-

ment in evidence. Petitioner objected, the jury was excused, and the trial court heard evidence offered by the state and petitioner as to the voluntariness of the statement.

After hearing the evidence, the trial court found the statement was freely and voluntarily made. The court stated:

". . . There is no evidence here whatsoever—even from the defendant himself—that any promises or threats or force or intimidation was used in order to influence him in making this statement. . . ."

During the trial, petitioner testified in his own behalf. He denied the charges and testified that the statement was incomplete and had not been written in his exact words. The undersheriff, who was present at the time, testified that the statement was practically an exact account of what petitioner said.

After overruling petitioner's motion for a new trial, the trial court deferred sentence and referred petitioner to the Topeka State Hospital for an examination and report.

On April 14, 1965, petitioner was returned to Marshall County and sentenced to a term of not less than one nor more than twenty-one years on each count. The trial court directed that the sentences be served concurrently and credit allowed for the time petitioner was confined in the state hospital.

On November 23, 1966, petitioner filed papers entitled "Petition for Writ of Habeas Corpus." The trial court concluded the papers should be treated as a motion under K. S. A. 60-1507 and directed that forms provided for in Rule No. 121 (Rules of the Supreme Court, 201 Kan. XXXIV) be mailed to petitioner.

On February 21, 1967, petitioner filed the motion under consideration here. In his motion he contends in essence that the admission of his statement at the trial violated his rights under the Sixth and Fourteenth Amendments to the Constitution of the United States in that he was not properly informed of his rights; that in making the statement he was compelled to testify against himself, due to pressure by the county attorney; and the statement, as written, was not accurate or complete.

Present counsel was appointed to represent petitioner in proceedings before the trial court. On April 12, 1967, a pretrial conference was had and the trial court determined the presence of petitioner was unnecessary.

On June 12, 1967, the trial court heard the motion and there-

after made findings of fact and conclusions of law. The conclusions pertinent read as follows:

"3. The court concludes as a matter of law that the matters urged in defendant's motion, and amended motion, were duly considered and disposed of during the trial and post trial proceedings and do not now raise any substantial issues of law or fact.

"4. The defendant was adequately advised of his statutory and constitutional rights prior to the time he made the statement to the officers.

"5. No statutory or constitutional rights of the defendant were violated at any stage of the proceedings."

Thereafter petitioner perfected this appeal.

The abstract and counter abstract before us contain what appears to be a complete transcript of the out of court hearing before the trial court on the question of voluntariness. The testimony of petitioner and Undersheriff Walters, pertaining to the statement of petitioner, fully supports the findings and conclusions of the trial court.

The statement itself sets out that petitioner was advised as to his rights to remain silent, protection from compulsory self-incrimination, right to counsel, and a warning that anything petitioner might say could be used against him in court.

Walters testified that petitioner was fully advised of his rights when he first appeared before the county attorney and again on his second appearance the following day.

Petitioner testified in part as follows:

"Q. At the time this was made, were you informed as to your rights?
"A. Yes. I was informed as to my rights and as to counsel.
"Q. And you were informed as to your rights against self incrimination?
"A. Yes.
"Q. And you were informed that you didn't have to make any statement if you didn't want to?
"A. Yes."

Petitioner was a mature adult, a carpenter by trade. The record reflects that when he was interrogated concerning the giving of his statement, his answers were responsive and intelligent. There is no showing that he did not fully understand his position. No claim was made at the trial or in this proceeding that petitioner requested counsel at the time of making his statement.

The trial court heard and determined the question of voluntariness during the trial and then reexamined the evidence in this proceeding. We find nothing in the record to warrant disturbing the trial court's determination.

This court has repeatedly held that where an accused is fully advised of his rights a confession or statement is not rendered inadmissible solely because it was made at a time when accused did not have counsel. (*Holt v. State,* 202 Kan. 759, 451 P. 2d 221; *State v. Weinman,* 201 Kan. 190, 440 P. 2d 575, and *Cox v. State,* 199 Kan. 797, 433 P. 2d 470.) There is no showing whatsoever that a request for counsel was denied.

As found by the trial court, the motion, files and records of the case conclusively showed that petitioner was entitled to no relief.

The judgment is affirmed.