Harrison JOLLY, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 10131.

United States Court of Appeals Tenth Circuit.

May 26, 1969.

Walter C. Brauer III, Denver, Colo., for appellant.

Lance W. Burr, Asst. Atty. Gen., of Kansas (Kent Frizzell, Atty. Gen., on the brief), for appellee.

Before MURRAH, PICKETT and HOLLOWAY, Circuit Judges.

PER CURIAM.

In 1964 Appellant Jolly was convicted of first degree robbery in a state court of Kansas and sentenced to imprisonment

for a term of not less than ten nor more than twenty-one years. The case was affirmed on appeal to the Supreme Court of Kansas. State v. Jolly, 196 Kan. 56, 410 P.2d 267. Thereafter, pursuant to K.S.A. 60–1507, Jolly sought to vacate the sentence upon numerous grounds, many of which had been considered by the state court on the direct appeal. The principal constitutional ground stated in the motion was that in his trial the court admitted in evidence an incriminating statement of Jolly, which had been made to an officer without prior advice of his constitutional rights. A full and fair hearing was afforded Jolly on his motion. At the conclusion of the hearing the court denied the motion for the reasons that many of the claimed errors had been decided by the Supreme Court in the former appeal and that there was insufficient evidence in the record to grant the relief sought. This denial was affirmed by the Supreme Court of Kansas. Jolly v. State, 200 Kan. 202, 434 P.2d 547.

This habeas corpus action was instituted alleging substantially the same grounds for relief that had been considered in the state court post convictions proceeding. The trial court gave careful consideration to the entire record of the state post conviction matter and concluded that Jolly had been afforded "an adequate hearing and that the conclusions reached by the state courts are correct." The habeas corpus action was dismissed without a hearing. The only question presented here, and we think the only one that is reviewable, relates to the admission of an incriminating statement made by Jolly.

Briefly, the facts relating to this statement are: Shortly after an armed robbery in Kansas City, Kansas the police were notified and given the description of the automobile in which those suspect-

ed of the robbery had fled. Two officers gave chase to an automobile of this description. The occupants of the automobile eventually abandoned it and fled on foot. Jolly was immobilized by a pistol short fired by one of the officers. As the officer approached Jolly, he asked him if he was badly hurt and Jolly stated that he thought he was. The officer then inquired if he had participated in a robbery at a certain address in Kansas City, Kansas. Jolly replied that he had.

On the appeal from Jolly's conviction, the Supreme Court of Kansas considered the admissibility of this statement and held that it was uncoerced and spontaneous, and therefore admissible.[1] In the state post conviction proceeding, other than stating that he was not advised of his constitutional rights prior to answering the two questions, Jolly's testimony with reference thereto was limited to reading from the trial transcript the evidence previously quoted by the Kansas Supreme Court. Although the state court did not make separate written findings or file a written opinion, which we think is the better practice in most cases, the trial court's open court statement of his reasons for denying Jolly's motion were transcribed into the record and constitute "other reliable and adequate written indicia" of the state court's determination. See 28 U.S.C. § 2254(d). The federal habeas corpus court having before it the complete state court record determine that there was factual and legal support for the state court's decision, and that there was no "vital flaw" therein. Maes v. Patterson, 10 Cir., 401 F.2d 200, 201. Under these circumstances no evidentiary hearing was necessary in the federal habeas corpus proceeding. Maxwell v. Turner, 10 Cir., 411 F.2d 805.

Affirmed.

1. The Supreme Court quoted the testimony of the officer to whom the statement was made to be as follows:

"I first asked the man if he was hurt badly and he said he thought so. I then asked him if he participated in the holdup at 12th and Minnesota; he said that he did; I then sent my partner after the ambulance for him. I then asked him who the other man was and he didn't answer me." State v. Jolly, *supra*, 410 P.2d at 269.