No. 47,874

STATE OF KANSAS, *Appellee,* v. SAMUEL F. JONES, *Appellant.*

(545 P. 2d 323)

Opinion filed January 24, 1976.

*John J. Ambrosio,* of Topeka, argued the cause and was on the brief for the appellant.

*Gene M. Olander,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Defendant Samuel F. Jones appeals from a conviction of murder in the first degree (K. S. A. 21-3401) and aggravated robbery (K. S. A. 21-3427). Defendant claims numerous trial errors, with special emphasis on the admissibility of his confession.

Charges against defendant stem from the brutal slaying and robbery of a man on a country road north of Topeka in February, 1974. Shortly after the police discovered the mutilated body of the deceased, later identified as Otis Bomar, defendant and two of his companions, Donald Bateson and Samuel Kanive, were arrested and jointly charged with the murder and robbery. Separate trials resulted in convictions of all three defendants. This appeal is brought solely by defendant Jones.

In his first assignment of error, defendant challenges the admissibility of a confession given to the police after extensive interrogation. No question is raised as to the propriety of the procedure followed by the trial court in ruling on its admissibility. A motion to suppress the confession was filed on behalf of defendant and a *Jackson v. Denno* hearing was held out of the presence of the jury.

After considering the totality of the circumstances, the trial court ruled the statements were voluntarily made and that defendant had been properly advised of his *Miranda* rights, which he intelligently and knowingly waived.

It is a firmly established principle of law that to be admissible a confession must have been freely and voluntarily given without compulsion or duress. (*State v. McVeigh*, 213 Kan. 432, 516 P. 2d 918; *State v. Milow*, 199 Kan. 576, 433 P. 2d 538.) The voluntariness of a confession is a question in the first instance for the determination of the trial court, and if there is substantial competent evidence to support the trial court's findings it will not be disturbed on appeal. (*State v. Soverns*, 215 Kan. 775, 529 P. 2d 181; *State v. Melton*, 207 Kan. 700, 486 P. 2d 1361.) The trial court's determination is to be based upon a consideration of the totality of the circumstances, and where there is genuine conflict in the evidence great reliance should be placed upon the finder of fact. (*State v. Harden*, 206 Kan. 365, 480 P. 2d 53, Syl. ¶ 2.)

Defendant relies upon three facts to attack the trial court's determination of voluntariness. First, defendant points out that he was taken to police headquarters and questioned for approximately three hours. Second, he emphasizes that during the questioning and prior to giving the confession he was crying and felt he was under pressure. Third, when he asked the officers to leave the interrogation room so he could think, an assistant district attorney remained in the room and stared at him without speaking. Based on these circumstances, defendant contends the resulting confession could not have been a product of free will but was induced by the coercive mental tactics used by the police. It has been recognized by this court that coercion in obtaining a confession may be mental as well as physical, and where it is found that a defendant's will was overborne at the time of the confession such statement will not be admissible. (*State v. Soverns*, supra; *State v. Milow*, supra.)

While defendant concedes the circumstances surrounding the interrogation, when examined individually, would not necessarily indicate coercion, he contends that when the totality of the circumstances is considered it is clear the confession was not voluntarily given. In support of his position defendant relies upon *Holt v. State*, 202 Kan. 759, 451 P. 2d 221, where we held the totality of circumstances required the exclusion of a confession obtained from the accused. The same argument was made before

the trial court during hearing on the motion to suppress. After considering the facts of both cases the trial court concluded *Holt* was distinguishable from the case at bar. We concur with its conclusion. *Holt* involved a prosecution of an uneducated farmer for rape and incest. Prior to trial, the defendant's counsel agreed to terms under which defendant would take a polygraph test. Pursuant to this agreement, the defendant appeared alone at the county attorney's office where he was given a "psychological preparation" and polygraph examination for a period of about two hours. After the examination was completed, he was taken back to the county attorney's office where he was instructed to tell the truth. Approximately fifteen to twenty minutes passed in which the county attorney and defendant sat silently facing each other across a table. Finally, the defendant blurted out that he had done it and further interrogation resulted in a complete confession. Under those circumstances we held the defendant's confession did not meet the constitutional standards of voluntariness and was inadmissible. In so holding, however, we relied upon the failure of the state to show any evidence from which a waiver of counsel could be inferred. The defendant had ostensibly gone to the county attorney's office solely for the purpose of taking a polygraph examination and he was coerced into giving a confession without the benefit of having been advised of his right to the presence of an attorney and other constitutional rights.

In determining whether a confession was obtained by constitutional means, each case must be decided on the basis of its individual facts and circumstances. In the instant case, defendant was advised of his constitutional rights prior to questioning. The trial court found he intelligently and knowingly waived those rights. After approximately two or three hours of interrogation, defendant requested he be left alone to think. While it is true the district attorney remained in the room without speaking for another ten to fifteen minutes, we do not believe that alone would constitute duress or coercion. Likewise, the fact defendant was crying prior to giving his confession would not require a finding of involuntariness. It is to be expected that an accused charged with the crimes of murder and robbery might be apprehensive and under a certain amount of emotional stress; however, we cannot say that because defendant was crying he could not freely and voluntarily confess to the crimes.

In ruling that the confession was voluntarily made, the trial court

considered the totality of the circumstances as shown by the evidence, including defendant's age, sex, education, physical condition, mental state, his treatment while in custody, his background, the fairness of the officers in conducting the interrogation and all other circumstances surrounding the confession. Based on the evidence in the record we cannot say the trial court erred in admitting the confession.

Next, defendant contends the trial court erred in refusing to sequester the jury during the course of their deliberations. Although defendant requested the jury be sequestered to avoid publicity from the news media, the trial court permitted them to separate temporarily at night and during their meals. This is a matter clearly within the discretion of the trial court. K. S. A. 22-3420 (1) requires that a jury be kept together during deliberations, subject, however, to "the discretion of the court to permit them to separate temporarily at night, and at their meals." In the absence of a showing there has been an abuse of discretion which has prejudiced defendant's substantial rights the ruling of the trial court will not be disturbed.

Defendant admits he is unable to make a showing of any specific instance of media contact which would have adversely affected the jury. He argues, however, that it is only reasonable to assume some of the jury members would have come in contact with some form of news media and would necessarily be prejudiced thereby. Unfortunately, defendant's conclusion is in conflict with the law as expressed by this court in prior decisions. In *State v. Wilson*, 188 Kan. 67, 360 P. 2d 1092, we stated that while it undoubtedly is a better practice not to permit a jury to separate during the trial of a capital case, no error is presumed on the allowance of such separation in the absence of a showing that it tended to prevent a fair and due consideration of the case. To the same effect are *State v. Howland*, 157 Kan. 11, 138 P. 2d 424; *State v. Haines*, 128 Kan. 475, 278 Pac. 767; *State v. Netherton*, 128 Kan. 564, 279 Pac. 19; and *Odell v. Hudspeth*, 189 F. 2d 300 (10th Cir. 1951).

No claim is made that the trial court failed to admonish the jury prior to separation, nor is there any showing of actual prejudice resulting from the separation other than the bald assertion that jurors would necessarily come in contact with and be prejudiced by the media. We refuse to hold that the denial of a request to sequester a jury is per se prejudicial. Without a showing of

actual harm resulting from the separation of jurors it will not be ground for a new trial.

Defendant further contends the trial court erred in permitting the state to introduce photographic evidence of the deceased as he was found by the police, and subsequent slides of the body lying on a morgue slab. The state offered the photographic exhibits for the purpose of showing the nature and extent of the wounds in order to establish the elements of premeditation and malice. Objection to the admission of each of the slides was raised by defendant on the ground they were inflammatory, prejudicial and repetitious. The trial court considered the arguments of defendant prior to the admission of each of the slides and overruled his objections.

The general rules of law applicable to the admission of photographs of a decedent were reviewed by this court in *State v. Randol,* 212 Kan. 461, 513 P. 2d 248. We noted that it is not error to admit such photographs where relevant to the matters in issue, such as the fact and manner of death. Where an accused is charged with a crime of violence, slides are relevant and admissible if they tend to establish the violence alleged, and the fact the photographs may be shocking or gruesome does not render them inadmissible. Even where the defendant concedes the fact of the victim's death and the cause of death, the prosecution has the burden to prove all elements of the crime and photographs relevant thereto are admissible.

In *State v. Boyd,* 216 Kan. 373, 532 P. 2d 1064, we held the trial court committed reversible error by admitting evidence of photographs of the deceased's body taken at an autopsy. Several of the photos would have been admissible to show the angle of penetration of the murder instrument into the body. The trial court, however, abused its discretion when it admitted repetitious photographs to prove the same point. Similarly, in *State v. Clark,* 218 Kan. 18, 542 P. 2d 291, we reversed the trial court for error in admitting prejudicial autopsy photographs, six of which could not be justified for any purpose.

Unlike *Boyd* and *Clark,* the photographs admitted by the trial court in the instant case, while admittedly gruesome and grotesque, were not offered solely to inflame the minds of the jurors. Since the state's case was based upon the elements of premeditation and malice it was necessary for the state to satisfy these elements by proof of the nature and extent of the wounds inflicted upon the

body of the victim. For that purpose the state offered nine slides showing various cuts, bruises, burns and abrasions on the body. To this extent the slides were relevant and material to matters in issue and consequently admissible in evidence.

Additional error is predicated on the refusal of the trial court to grant defendant's motion for a mistrial based upon the prosecutor's remarks during closing argument. Defendant claims the prosecutor exceeded the limits of proper summation when he commented to the jury, "Did Jones bring those gloves in here and show them to you? Sure didn't." The remark by the prosecutor was apparently in reference to defendant's failure to produce the gloves he allegedly wore on the night of the murder. The trial court sustained defendant's objection and admonished the jury to disregard the comment concerning the gloves.

The state seeks to justify the statement by the prosecutor on the basis of evidence not presented in the record. As a result we are unable to consider its argument; however, this court follows the rule that improper remarks by a prosecutor in closing argument will not constitute reversible error where the jury has been instructed to disregard the same unless the remarks were so prejudicial as to have been incurable. (*State v. Warbritton*, 215 Kan. 534, 527 P. 2d 1050.) In our view, any harm created by the reference to the gloves during closing argument was cured by the trial court's admonition to the jury warning them to disregard the prosecutor's comment. No prejudice has been shown which would jeopardize defendant's right to a fair trial.

As his final point defendant challenges the sufficiency of the evidence to support the conviction of murder in the first degree and aggravated robbery. The evidence at the trial has not been included in the record for our consideration and we must assume it was sufficient to support the conviction. (*State v. Calhoon*, 198 Kan. 520, 426 P. 2d 157; *State v. Dickson*, 198 Kan. 219, 424 P. 2d 274.)

The judgment of the trial court is affirmed.