THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN YBARRA, Defendant-Appellant.

First District (1st Division)   No. 62097

Opinion filed March 14, 1977.

James F. Driscoll and Laurence J. Dunford, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, John Ybarra, was indicted for murder and involuntary manslaughter, and tried at a bench trial. Defendant was found not guilty of murder, guilty of involuntary manslaughter, and sentenced by the circuit court of Cook County to 1 to 3 years. Defendant appeals, arguing that his statements should have been suppressed because the State failed to prove he was lawfully arrested, and in the alternative, that his statements were made while in an emotional state and were therefore not knowingly and intelligently made.

We affirm.

The record discloses the following facts pertinent to this appeal. Defendant was arrested on October 5, 1973, and taken to a nearby police station, where he was advised of his rights and questioned by a police officer. An oral statement was taken. Thereafter, defendant was transported to another police station, where he gave a written statement to an assistant State's Attorney after again being advised of his rights. The assistant State's Attorney testified at trial that defendant was crying while the written statement was being taken in the presence of a court reporter. Also, the police officer who took the first statement testified that defendant was constantly crying during the first questioning. It was stipulated that if the court reporter were called to testify, he would testify that the transcript of the statement used by the State in evidence accurately reflected his stenographic notes. Defendant testified that he did not sign the written statement because the questions were rearranged and it did not sound like his statement.

■■ Defendant's first argument is that his statements should have been suppressed because the State failed to prove that he was lawfully arrested. The prosecution notes, however, that the defendant made this argument for the first time on appeal, failing to have moved in the circuit court to suppress his statements as the fruits of an unlawful arrest. The State argues that the issue was waived, citing *People v. Nilsson* (1970), 44 Ill. 2d 244, 255 N.E.2d 432. We agree, and hold that defendant waived the issue by failing to challenge the validity of his arrest at trial.

Defendant's second argument is that he was incapable of voluntarily waiving his right against self-incrimination due to his highly emotional state of mind, and that the trial court should have suppressed the statements as not having been knowingly and intelligently made.

■■ ■ Whether a statement is voluntarily given depends upon the totality of the circumstances. The test is whether it has been made freely, voluntarily and without compulsion or inducement of any sort, or whether the defendant's will was overcome at the time he confessed. In making its decision, the trial court need not be convinced beyond a reasonable doubt, and the trial court's finding that the statement was voluntary will not be disturbed unless it is contrary to the manifest weight of the evidence. (*People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601, *cert. denied*, 412 U.S. 918.) An examination of the record does not disclose any evidence that defendant did not understand his rights, or that defendant's statements were other than voluntarily given. The defendant's only suggestion of impropriety is that he was in an emotional state. The issue for our consideration, therefore, is whether an emotionally upset defendant is legally capable of voluntarily waiving his right against self-incrimination.

The identical issue was present in the Second District Appellate Court's opinion in *People v. Merkel* (1974), 23 Ill. App. 3d 298, 319 N.E.2d 77, where it was stated:

> "While it may well be true that the defendant was, in fact, emotionally upset that does not in itself create a situation where he may not be queried after he has been given the proper warnings." (23 Ill. App. 3d 298, 304, 319 N.E.2d 77, 81.)

The same thought was expressed by the Supreme Court of Kansas in *State v. Jones* (1976), 218 Kan. 720, 545 P.2d 323, 326:

> "Likewise, the fact defendant was crying prior to giving his confession would not require a finding of involuntariness. It is to be expected that an accused charged with the crimes of murder and robbery might be apprehensive and under a certain amount of emotional stress; however, we cannot say that because defendant was crying he could not freely and voluntarily confess to the crimes."

It was held that under the totality of the circumstances as shown by the evidence, that the trial court did not err in admitting the confession by the crying defendant. We reach the same conclusion in the case at bar, and hold that the totality of the circumstances indicates that the defendant's statements were properly admitted into evidence by the trial court as being freely and voluntarily made.

For the abovementioned reasons, the defendant's conviction of involuntary manslaughter by the circuit court of Cook County is affirmed.

Judgment affirmed.

O'CONNOR and BUA, JJ., concur.